ANN E. LOWRY, plaintiff in error, *vs.* E. P. WILLIAMS, administrator, defendant in error.

1. The discretion of the Court below in granting or refusing an injunction will not be interfered with, unless it has been manifestly abused.
2. In this case, the remedy of the complainant for the grievances complained of, is ample at law.

Injunction. Discretion of Superior Court. Remedy at law. Before Judge DAVIS. White county. At Chambers. April 29th, 1872.

Ann E. Lowry filed her bill against E. P. Williams, administrator, in which she made, substantially, the following allegations: That she is the daughter and one of the heirs-at-law of Moses Horshaw, deceased; that defendant is the administrator upon said estate; that, at the administrator's sale, complainant became the purchaser of lands, slaves and other personalty to the amount of $4,005 00; that, in the year 1862, she paid to the administrator $2,000 00, distinctly informing him that said payment was for the land; that, upon a bill filed by said administrator against the heirs of said estate, complainant was decreed to be indebted for said property, purchased as aforesaid, $680 50; that the execution based upon said decree has been levied upon certain land, the property of complainant, which is embraced in an application for a homestead, now pending on appeal in the Superior Court of Habersham county; that all the purchase money for said land has been paid; prayer, that the aforesaid levy may be enjoined from proceeding to sale.

The injunction was refused by the Court, and plaintiff in error excepted.

COBB, IRWIN & COBB, represented by THE REPORTER, for plaintiff in error.

G. McMILLAN, for defendant.

MONTGOMERY, Judge.

This was an application to enjoin a sale of land levied on by virtue of a *fi. fa.* issued on a decree had by the defendant in error against the plaintiff in error. The injunction was asked for on three grounds: First, that the consideration of the indebtedness on which the decree was founded, was slaves. Secondly, an application for homestead, out of the land levied on, was pending in the Superior Court, by appeal from the Ordinary. Thirdly, that the land was insufficiently described in the sheriff's advertisement. The bill also states that an affidavit of illegality on the first two grounds had been filed, overruled, and exceptions taken, but that, owing to a miscarriage in the mails, the bill of exceptions had failed to reach counsel for plaintiff in error, after being certified by the Judge in time to take the subsequent steps required by the Code, and the appeal to the Supreme Court was, therefore, abandoned. The first question has been disposed of by the Supreme Court of the United States, in White *vs.* Hart, decided December, 1871. Notice of the pendency of the application for homestead on the day of sale would protect the plaintiff in error against one of the other two grievances, and an affidavit of illegality would reach the third, the second advertisement complained of having been made after the filing of the first illegality. In the cases of *Pinkerton vs. Tumlin*, 22 *Georgia*, *Kilgore vs. Beck*, 40 *Georgia*, 293, where an injunction was granted, the sheriff was proceeding to dispossess the owners of the homestead. We do not see, therefore, that the discretion of the Court below has been manifestly abused in refusing this injunction.

Judgment affirmed.