., R. L. Christopher *et al.*, plaintiffs in error, *vs.* P. F. Williams, executrix, defendant in error.

1. When section 1969 of the Code is complied with, the title passes to realty so that no homestead can be taken therein to defeat the security which that title gives the creditor for his debt; and the wife's joinder in the deed with the husband, is sufficient proof of the consent of the wife to the husband's deed.
2. Parol evidence is admissible to show knowledge in the wife that the object of the conveyance was to secure the debt.

, Title. Homestead. Husband and wife. Evidence. Debtor and creditor. Before Judge Buchanan. Troup Superior Court. May term, 1877.

To the report in the opinion, it is only necessary to add that the jury found the property subject; claimants made a motion for a new trial, which was overruled, and they excepted.

Bigham & Whitaker, for plaintiffs in error.

. . Speer & Speer, for defendant.

Jackson, Judge.

This was a claim case arising under our homestead law, and section 1969 of the Code, which authorizes the passing of titles to land to secure a debt where the wife consents. ., Christopher owed Williams for money loaned, for which he had mortgaged the land levied on. Williams was dissatisfied with that security, and Christopher and wife make a deed to Williams to the land, who gave bond back to Christopher for titles when the debt was paid. Williams died leaving a will and his wife executrix, who, judgment being had on the debt, had the land levied on after making a deed thereto to Christopher under the statute. . It was claimed by Christopher, who, after the deed in 1874 to Williams to secure the debt, took out a homestead in 1875. . .

1. Some points were made on the levy, and the affidavit

before levy, under section 2028 of the Code, but they were properly overruled by the court, and the question came up squarely on the title made under the act of 1871, Code, section 1969, to secure debts by passing title to land.    The point is settled in this court.    The question arose in 54 *Ga.*, 529, and it was held then that the title passed to secure the debt, and that no formal private examination of the wife to procure her consent was necessary.

It arose again in 55 *Ga.*, 691, and then it was ruled that land conveyed by absolute deed, with consent of wife, to secure a debt, passed title, and neither the debtor nor his family could defeat the debt by homestead.   So in 55 *Ga.*, 412, the same point is ruled, and the two remedies are both approved, either suit in ejectment for the land, or the creditor may pursue the remedy given in section 1970.    So in 57 *Ga.*, 601, it was held that the title passed and the debtor could not take homestead in the land, though the wife did not consent, he having no wife.

In the case now before us the wife did consent, and in writing.  She signed the deed with her husband, and thereby consented in the most solemn form to its being made.    In the case in 54 *Ga.*, 529, it was held that her consent, attested only by her husband, was sufficient ; if so, surely her signature to the deed, in the presence of the witnesses, is ample.

2. A point was made that parol evidence was inadmissible to show the wife's knowledge that the deed was made to secure a debt.   In 54 *Ga.*, 529, it is questioned whether the fact must not affirmatively appear that she knew the deed was made to secure the debt, but there is no question made that it is necessary to have the proof in writing.  We see no reason why that proof may not be in parol.

There is nothing in the statute which prohibits such proof, and the case in 54 *Ga.*, 529, rested altogether on parol evidence to show that there was any debt at all to be secured.

On the whole, we think the questions made in this case are all settled by previous adjudications, and the judgment must be affirmed.

Judgment affirmed.