## MAPP, administrator, *vs.* LONG.

1. The schedule of exempt property, required by section 2041 of the Code to be returned to the ordinary and by him recorded, must, on its face, disclose in express terms or by reasonable implication, whose property it is that the schedule is meant to comprehend and secure. If the shedule be returned by a woman described in the document as the head of the family, and she claims the property as exempt, without indicating that it belongs to her husband or that he refuses to seek the benefit of the law, the schedule is not obligatory upon his creditors, the presumption being, in such case, that she is dealing with the property as her own and not as his.

2. Where a creditor administers upon the estate of his debtor, having a demand to which some of the effects are subject, he is entitled to retain out of the proceeds of such effects the expenses of administration. The expenses rank by statute superior even to taxes.

3. A widow of an intestate whose estate is insolvent, has no occasion to resort to equity to secure the exemptions allowed by §2040 of the Code, as, by §2049, she can secure them by returning a proper schedule to the ordinary and having it recorded.

4. Sections of the Code 2047 and 2048 are repealed by the act of 1876, pamph., p. 48, *et seq.*, and the specific exemptions of the Code, secured since that act took effect, are no more durable than are the *ad valorem* exemptions of the constitution.

Injunction. Homestead. Administrators and executors. Debtor and creditor. Equity. Before Judge HILLYER. Fulton Superior Court. October Term, 1878.

Susan Long filed her bill against Mapp, as administrator of her deceased husband, Frank Long, making, in brief, this case :

In January, 1878, her said husband was adjudged a lunatic and sent to the asylum, where he died May 28, 1878. In February of the same year she applied to the ordinary for the exemption of certain property under §2040 of the Code. This property belonged to her husband. She intended to claim for the benefit of herself and child, but being unable to read or write, she did not observe that it was claimed for the benefit of the child only, and did not so understand it until told that administration would be necessary. Her

child died on June 7, 1878. In the following September, defendant obtained letters of administration on the estate of her husband, has notified her tenant to pay to him the rent and is about to take possession of the property. Unless restrained he will assume such possession, and sell to pay claims, or pretended claims, against the estate. The object of the law under which said property was set aside, was to protect the same for her use, as a part of the family of Frank Long, as well as for the use of the child. She insists that while she lives the property cannot revert so as to become subject to administration. The wording of the exemption paper excluding her from the benefit thereof, was an unintentional mistake or clerical error, which cannot deprive her of her rights. Waiving discovery, she prays that defendant be enjoined from taking possession of, or interfering with, said property, etc.

The schedule filed by complainant, with the order of the ordinary thereon, was as follows:

" GEORGIA—Fulton county:

Schedule of real and personal property exempt from levy and sale under section §2040, Code of Georgia, by Susan Long, who is the head of a family, consisting of herself and one minor child. This exemption claimed for her, the said minor child's, benefit.

" House and lot on Mangum street, ⅛ acre, worth $400.00; personal property, (not necessary to itemize), $36.25.

her<br>
[Signed]           SUSAN X LONG."<br>
mark

Attest G. W. HANVEY.

The Schedule is indorsed as follows:
" No. ——.       FULTON COURT OF ORDINARY, February 5, 1878.

" Schedule of property exempt from levy and sale under section §2040, by Susan Long, (col). Filed in office, approved and recorded February 5, 1878.
[Signed]          DANIEL PITTMAN, Ordinary."

"FULTON COURT OF ORDINARY, March 4, 1878.

It appearing that the wife of Frank Long, to-wit: Susan Long (col.,) has claimed the said property as exempt from levy and sale under section §2040 of the Code of Georgia, and amendments, thereby dispensing with the necessity of a guardian, it is ordered that she as trustee, under the law, be authorized to take charge of the property.
[Signed]          DANIEL PITTMAN, Ordinary."

The answer of the defendant is unnecessary to an understanding of the case.   The material facts were not denied. He set up that he was a creditor of the intestate to the amount of twenty-five dollars, by note, dated December 14, 1877, which contained a waiver of homestead and exemption, and that he administered upon the estate for the purpose of collecting this debt.   He insists that he is entitled to retain out of the property which was set apart as exempt, the expenses of administration and the amount of his debt.

On November 11, the chancellor ordered that the defendant "be enjoined from taking possession of and administering the property set apart as a homestead for complainant, except so far as administration may be necessary to secure to defendant the payment of his note, with interest and ten per cent. as attorney's fees, but that the expenses of adminstration are not to come out of said property.   And in the event that such administration may be necessary, it is ordered that the defendant take possession of the property as receiver, and rent out the same until his said debt and taxes now due shall be paid, but that the complainant may, by paying said defendant's debt, take possession of said property as her homestead."

To this order the defendant excepted and assigns error as follows :

1. That the court erred in sustaining the homestead and exemption claimed by complainant as valid.

2. That the court erred in holding that the expenses of administration should not come out of the said property.

3. That the court erred in granting the injunction and restraining the defendant as above set forth.

MYNATT & HOWELL, for plaintiff in error, cited Code, §§2040, 2048, 2533; *Jones vs. Crumley,* 61 *Ga.,* 105.

MILLEDGE & ELLIS, for defendant, cited Code, §§2040,

2041, 2049, 2495, 4210; *Archer vs. Hardwick*, present term; 3 *Ga.*, 226.

BLECKLEY, Justice.

1. At the time the schedule was filed and recorded, Susan Long was the wife of Frank Long, the latter being then in life and an inmate of the lunatic asylum. But the schedule did not disclose on its face that she was the wife of anybody; on the contrary, it represented that she was the head of a family, and she claimed the exemption in no other character. If she had claimed as wife and disclosed that the property (as it really did) belonged to Frank Long, her husband, and that he refused to seek the benefit of the law, she would have been within the scheme of the Code, §2041. Perhaps, as he was insane and confined in the asylum, this fact, had it been set forth, would have been the legal equivalent of a refusal on his part. I think it would. The schedule nowhere directly affirms to whom the property belongs, but the fair inference from it would be that she was a widow or otherwise single, and that the property was her own. Surely, such a schedule is no notice to Frank Long's creditors, or to the public who might deal with him, that his property was to be tied up. What the schedule indicates is, that she was putting her own property under shelter, against her creditors. There is no suggestion in it that Frank Long or his creditors had, or might have, any concern with what she was doing. As against his creditors, therefore, the schedule and the record of it are without any force or effect whatever. The schedule was filed and recorded on February 5, 1878. On the 4th of March following, the ordinary passed an order which describes Susan as the wife of Frank Long, but that order is no part of the schedule and cannot be looked to in aid of it. Even if it could be, it stops short of showing that the property was dealt with as Frank Long's. The order is set out in the reporter's statement.

2. Frank Long having died and Mapp' holding a note upon him, made in December, 1877, for twenty-five dollars, the latter administered upon his estate as a creditor. The note waived all homestead and exemptions rights, and stipulated for the payment of the costs of collection, including ten per cent. for attorney's fees. In granting the present injunction, the chancellor seems to have treated this waiver as effective, so far as to allow a sort of administration upon the rents and profits of the realty through the creditor as a receiver, but the regular course of administration was arrested. Moreover, all expenses of administration incurred by Mapp, were denied to be a charge upon the property, and were covered by the injunction. Independently of the waiver, there was, as we have ruled, no exemption; but if Mapp's debt was open at all against the property, whether by the general law or the waiver, and he had to administer in order to collect it, surely he was entitled to be paid his legal expenses and commissions for administering. The expenses of administration rank next in order to those of sepulture and last sickness; they are superior even to taxes. Code, §2533.

3. A part of the object of the bill seems to be to patch up and repair errors and mistakes in the phraseology of the schedule we have been considering, or to hover under the friendly wing of equity as a refuge against their consequences. But what necessity is there to resort to equity to secure the exemptions allowed by §2040 of the Code in the case of an insolvent estate? Section 2049 provides for the case, and the widow, while a wife, having failed to assert her right in a proper manner, can now assert it as widow by simply returning a proper schedule to the ordinary and having it recorded. This will hold off the administrator as to claims which do not for some reason override the exemption right, so long as the right has continuance. When the right has terminated, administration will then take its due course as to all claims outstanding.

4. The repeal of sections of the Code 2047 and 2048,

by the act of 1876, works this result—that the specific exemptions secured since that act took effect are no more durable than are the *ad valorem* exemptions of the constitution. There is a similar reversionary interest left in the debtor in both classes of homestead or exemption, the short and the long; and when the time arrives for that interest to be enjoyed in possession, it is subject to be appropriated to the payment of debts. For the present, however, there is nothing in the way of any creditor of Frank Long, as no exemption of any kind in his property has been secured. The chancellor erred, therefore, in interfering at all with the regular course of administration.

Judgment reversed.