### KIRBY *et al. vs.* REESE.

1. A deed made to secure a debt conveys the title to land, and a homestead therein will avail nothing as against such title. There is nothing in the debtor upon which a homestead can operate save the equity of redemption; if he never redeems, there is nothing to which it can attach.

2. When the property on which there is a mortgage which has been foreclosed is levied on under other process, the holder of such mortgage has the option to place his mortgage *fi. fa.* in the hands of the officer, cause the title unincumbered to be sold, and claim the proceeds, according to the date of his lien, or else he may simply allow the sale to proceed subject to the lien of his mortgage.

December 5, 1882

Claim. Mortgage. Judgment. Liens. Title. Before Judge HARRIS. Meriwether Superior Court. February Term, 1882.

Reported in the decision.

W. A. TURNER; R. S. BURCH, for plaintiffs in error.

A. D. FREEMAN, for defendant.

JACKSON, Chief Justice.

A parcel of land in the possession of Reese, the claimant, was levied on by a mortgage *fi. fa.* in favor of J. T. & T. Kirby against Lovett. The mortgage bore date on the 5th of February, 1871, when Lovett held the undisputed title to, and possession of the land. In 1874 Lovett, with the consent of his wife, made and executed a conveyance, passing the title in the land to the People's Bank of Newnan, in order to secure a debt due the bank.

In April, 1875, after the title had thus passed out of Lovett, he had the land set apart as a homestead for his family. In November, 1875, the bank made a deed back to Lovett in order to sell the land and with the proceeds pay the *fi. fa.* issued on a judgment for the said debt, all of which was regular according to the statute. See Code, 1969, *et seq.* The bank bought the land at this sheriff's sale, and Reese, the claimant, holds under a deed from the bank. The mortgage of the Kirbys, the plaintiffs in execution, was foreclosed at the date of this sale, but no agreement was made that the land should sell free from the mortgage lien.

The question is, when this land was thus sold by the bank, did the title pass free from the mortgage lien so as not to be subject now thereto?

The jury found that it did pass under the charge of the court, and on the denial of a motion to set aside the verdict of not subject and to grant a new trial, the plaintiffs in mortgage *fi. fa.* excepted.

The homestead was not good against the bank. The reason is that the title had all passed out of the applicant, Lovett, when he applied. He had then sold the absolute title to the bank. That he did so in order to secure a debt, made no difference. The very object of passing the title was to prevent homestead. Code, §1969.

Even if this act, so codified, had not been strictly complid with, the title would pass to secure a debt, if the conveyance made by the parties so intended. 54 *Ga.*, 45 ; 62 *Ib.*, 659, and many other cases.

What remained in the grantor and wife as against the bank? Simply the right to redeem, or the equity of redemption. 59 *Ga.*, 507. There the title passed to the grantee to secure a debt, as here, before the homestead was set apart, and the homestead was held good as to the equity of redemption or right to redeem alone.

The court say, " On what estate did the homestead proceedings take effect? On such estate as the debtor had

in the land. That estate was purely equitable, and consisted of the right to redeem the legal title on payment of the money as security for which he had passed that title to the creditor."

Thus it appears that Lovett had the right      a home stead in this land whenever he redeemed it by paying the bank's debt. But he never did exercise his right to redeem, but suffered the land to be sold by the sheriff, and the bank bought it and sold it to Reese, the claimant. There was no announcement or agreement that it be sold free from the encumbrance of the mortgage *fi. fa.* of the Kirbys, though some notice was given to the sheriff by the counsel of the Kirbys to hold up the money, as he had a superior lien, and he had also run up the land to enough to pay his mortgage, but not to pay it after the bank's *fi. fa* was paid. The notice to sheriff was after the sale. No public announcement was made at the sale of any sort, so that the bidders should know that the land was sold free from the encumbrance of the Kirbys' mortgage.

So that whatsoever lien or encumbrance the mortgage of the Kirbys had, remained intact notwithstanding the sale, and the land is subject to their *fi. fa.* unless the facts connected with the sale to the bank and the homestead proceedings of Lovett and wife annulled this lien.

But Lovett and wife, here in this case, are not parties, they never redeemed the land so as to make their homestead good against anybody; they let it go to sale, the bank bought it free from all homestead right of theirs, and the question here is narrowed to this: did the bank get a title free from the lien of the Kirbys' mortgage of 1871; which was upon it when it bought it in 1874? and is the verdict right which found it not subject to the older mortgage lien?

It is quite certain that the mortgagees, the Kirbys, were not obliged to claim the money, or rather to look to it for their debt, their mortgage being foreclosed, but it was for them to do so or not as they pleased. The lan-

guage of the statute on the subject uses the word " may " not " must " or " shall." Code, 1567.

.So that the fact that the mortgage was foreclosed made no difference in respect to its lien in this case.

What did the bank sell? It had reconveyed the title to Lovett, and it sold and bought and conveyed to the claimant all Lovett's title—the entire fee—subject only to such encumbrance as was upon it when the bank bought it in 1874. That encumbrance was this mortgage executed to the Kirbys in 1871. If it was not sold at the sheriff's sale free from encumbrance, it must be liable to that lien, and the verdict should 'have subjected it to that lien.

The only case in the way of this conclusion is seemingly the case in 63 *Ga.*, 296, *Moore vs. Frost et al.* But that was a contest for the proceeds of the sale of a homestead between a junior judgment creditor, who held a lien upon the homestead, and a senior judgment creditor who had none. It was held that as the junior could levy on and sell the land, and the senior could not, the proceeds were properly applied to the payment of the junior judgment. So in the case at bar, if the entire land had been sold, and the contest were over the proceeds of it, the bank, though junior, would take the money over the senior mortgage, but as it was sold subject to the mortgage, the mortgagee's money is in the land yet, and it is subject to the lien.

Judgment reversed.

See 66 *Ga.*, 704; 63 *Ib.*, 296; 62 *Ib.*, 659; 61 *Ib.*, 223; 59 *Ib.*, 779; 58 *Ib.*, 457; 57 *Ib.*, 601.