### TUCKER vs. EDWARDS.

After a horse had been exempted under §2040 of the Code, the possession of the head of the family was for their use and benefit; and if the horse were tortiously taken from his possession, the wife, on behalf of herself and children, could proceed by possessory warrant to recover it.

(a.) A consent extorted from the head of the family while in jail did not affect the rights of the wife and children as to the exemption.

January 15, 1884.

Parties. Homestead. Actions. Before Judge POTTLE. Taliaferro Superior Court. August Term, 1883.

Mrs. Edwards, on behalf of herself and minor children,. sued out a possessory warrant against Tucker and Peck to recover a horse. On the trial, it appeared that the horse had been set apart to Edwards as the head of a family as an exemption; that he had ridden the horse to town, had been arrested and thrown into jail; that Tucker had taken the horse from the rack where it was hitched, and that it was subsequently found in the possession of Peck; Tucker set up a claim to the horse by reason of a purchase at a judicial sale, but it appeared that he had returned it to the possession of Edwards after the purchase.

On behalf of plaintiff it was contended that this purchase was by agreement for the benefit of Edwards and his family; this was denied by Tucker. It appeared that while Edwards was in jail, Tucker stated that he could have him put in the penitentiary, but would let him out if he would give up the horse. To this Edwards assented.

The justice awarded possession to plaintiff. Defendants carried the case to the superior court by *certiorari*. On the hearing, the *certiorari* was dismissed, and defendants excepted.

J. W. HIXON; W. H. BROOKS; J. C. REED, for plaintiffs in error.

J. F. REID, by brief, for defendant.

JACKSON, Chief Justice.

A horse was exempted under section 2040 of the Code by the husband and father, as head of the family, for his wife and children. The husband was put in jail, and the defendant took the horse from the rack where he was hitched. The wife, for herself and minor children, took out

a possessory warrant for the horse, and the justice of the peace awarded her the possession. The superior court dismissed a *certiorari* complaining of this judgment, and affirmed the action of the justice of the peace, and error is assigned here on the dismissal of the *certiorari* and the affirmance of the action of the justice court.

There can be no doubt at all that the horse was illegally and fraudulently taken from the possession of the husband and father, when put in jail at night. He left the horse hitched to a rack, and without leave or license he was taken by defendant to the possessory warrant, from the rack. Afterwards he frightened the father and husband, while in jail and under duress, to give a sort of consent to the illegally acquired possession; but the whole transaction appears tortious and invalid. He did set up a sort of claim to the horse by virtue of a constable's sale, but paid not a cent, and turned him over to the head of the family, who it seems afterwards paid off the *fi. fa.* himself. The single question worth a moment's thought is, whether the head of the family or the wife should have brought the possessory warrant. It is purely technical which should bring it. The real use and possession is in the wife and children. Code, §§2040, 2048. It is for their "use and benefit," as those sections declare, and the husband's possession is for them, and is therefore their possession; and as she brings the case for herself and the minor children, doubtless because of the sort of extorted consent of the husband, and as no consent of his could legally dispossess them of the horse, we shall rule that the warrant was properly sued out by the wife and minors, and the possession properly restored to them.

Judgment affirmed.