## MINOR et al. v. WILSON.

(Circuit Court, S. D. Georgia, E. D. November 27, 1893.)

FRAUDULENT CONVEYANCES—CREDITORS' BILL—HOMESTEAD.

A decree declaring a deed made by an insolvent debtor and his wife void as against a judgment creditor, does not revest title in the grantor, so as to enable him or his family to establish a homestead therein to the prejudice of the creditor's claim.

In Equity. Suit by James E. Minor, Annie E. Minor, and others against Benjamin J. Wilson to enjoin the latter from enforcing a decree rendered in a prior suit between the parties. Bill dismissed.

Marion Erwin, for complainants.

Lester & Ravenel and J. H. Hines, for defendant.

PARDEE, Circuit Judge. March 7, 1877, Benjamin J. Wilson recovered a judgment at law in the superior court of Washington county, Ga., against James M. Minor for the sum of $2,900 principal and $1,234 interest, being the amount of a note dated February 7, 1871. Writ of fieri facias issued on said judgment, and was returned nulla bona. Pending the suit in which said judgment was obtained, James M. Minor made a voluntary conveyance of certain landed property then standing in his own name to himself as trustee for his wife, Annie E. Minor, and subsequently, February 6, 1877, James M. Minor and his wife conveyed the same property to John L. Hardee by an absolute deed of bargain and sale purporting to be for the valuable consideration of $4,000. On return of fi. fa., Benjamin J. Wilson filed a bill in the superior court of Washington county against John L. Hardee, James M. Minor, and Annie E. Minor, his wife, seeking to subject to the abovementioned fi. fa. and judgment the certain tract of land aforesaid, and to have declared void the trust deed to said lands, made by Minor to himself, as trustee for his wife and children, and the joint deed made by James M. Minor and wife to John L. Hardee, claiming that the trust deed was void as to creditors on account of Minor's insolvency, and that the joint deed was void because made to delay, hinder, and defraud creditors, and, at most, as against him, (Wilson,) the joint deed was a conveyance to secure a debt due by Minor to Hardee. The bill originally brought in the state court was duly removed by Wilson, the complainant, to this court for hearing. The defendant Hardee, in his answer to the bill, admitted that there had been a running account between him and Minor for supplies and moneys advanced, and averred that at the close of the year 1876 Minor was indebted to him upon a note for $4,700, besides in an open account; and further alleged in terms as follows:

"That in the year 1876, upon calling upon Minor for settlement of these balances, he said he could not pay, and proposed to sell me the land in controversy by absolute deed in satisfaction of my debt, then amounting to about $5,800, (five thousand eight hundred ⸳ ⸳ars,) or such sum, besides interest. Finding I could not get the money, I took the deed, and delivered up the notes and accounts. The trade made with us was bona fide, and upon

full consideration, as before stated, for advances previously made to said James M. Minor. In order to make my title to the land and premises good, his wife, Mrs. Annie E. Minor, also signed the deed. I do not now remember whether I knew of any trust deed from Minor to himself, as trustee for his wife and children, but am pretty certain that that fact was not known to me till the fact was set out in the complainant's bill. Having no knowledge of the affairs of Mrs. Minor, I did not inquire a great deal until informed by him that he could not pay me unless I took the lands in settlement of my demand. I accepted his proposition, and they made me the deed, and I delivered up the claims."

Further answering interrogatories, Hardee stated that the deed from Minor was unconditional, and not made to secure a debt, but in satisfaction of a debt; and that he did not agree to reconvey to the Minors, or either of them, or any one else for them; and throughout, in his answers to interrogatories, Hardee insisted that the deed was made bona fide in payment of a debt.

James M. Minor and his wife jointly answered the bill, and, among other things in said answer, averred that the conveyance from Minor to Hardee was in good faith, with no intention of hindering or defrauding any one, but was made in pursuance of contract, and in settlement and satisfaction of indebtedness of Minor to Hardee; that no bond to reconvey was taken from said Hardee, and that said conveyance was not intended as a mortgage or security for said debt, but that the said sale was absolute.

On the hearing in the circuit court a decree was entered declaring the trust deed from James M. Minor to Annie E. Minor, made and executed the 18th day of March, 1876, to be void, and of no effect; that the conveyance of Minor and Annie E. Minor, purporting to convey to Hardee the lands in controversy, bearing date the 6th day of February, 1877, be construed to be not a conveyance of said land, but a security for the payment of the debt due and owing to Hardee from said Minor at that time, to be determined by reference to a master; and also finding and declaring that the judgment of Wilson was a lien upon said lot of land upon the satisfaction and payment of the amount due to Hardee, and that the question of amount due from Minor to Hardee should be referred to a master to state the same; that upon final determination of said amount the property should be sold by the marshal to satisfy said amount in Hardee's favor, and any balance arising from the sale, after paying the amount due to said Hardee, together with the costs, should be paid to said Wilson, complainant, for account of his said judgment. On December 12, 1887, the master's report, finding $1,784.76 due Hardee, was confirmed by a decree of the court, the former decree closed and confirmed, and the marshal directed to advertise and sell the property to satisfy the same. From this decree Hardee took an appeal to the supreme court of the United States against Wilson, but did not join Minor or Minor's wife in said appeals. The supreme court dismissed the appeal. See Hardee v. Wilson, 146 U. S. 179, 13 Sup. Ct. 39.

On the 4th day of June, 1884, just after the first decree adverse to Minor and Hardee was rendered, Mrs. Minor, on behalf of herself and her minor children, and on the ground that her husband, James

M. Minor, refused to make the application, applied for a homestead to be set apart for her out of the lands and property of her said husband, James M. Minor, and thereupon such proceedings were had before the ordinary of Washington county, Ga., as set apart the valuable portion of the lands in controversy as a homestead for Mrs. Minor and her children. This claim of a homestead was not suggested nor referred to in any of the proceedings in the main case. After the final decree was rendered, on the 28th of August, 1889, Minor and his wife, for her and her children, filed a bill against Wilson and the marshal to enjoin the enforcement of the decree theretofore rendered in favor of Wilson upon the ground that the lands in controversy had been set apart as a homestead, and therefore were not subject to sale under the decree. To this bill defendant Wilson answered, and denied that a valid homestead had been set apart, claiming that this is shown by the bill itself, in which a full copy of the proceedings is set out; and, further, that a valid homestead could not be set apart to Minor himself nor to his family out of the lands in controversy, because the conveyances of Minor to his wife, and afterwards from Minor and his wife to Hardee, show that at the time the homestead was set apart the title of the property was not in Minor, the husband.

The case made by this bill and answer has been submitted for decision. The counsel for Wilson contend that the proceedings before the ordinary of Washington county, Ga., purporting to set apart a homestead in favor of Mrs. Minor and her children, are invalid, and not binding as against Wilson; because, it is said, Wilson was not named in the list of creditors therein, the firm B. J. Wilson & Co. not being binding on Benjamin J. Wilson individually. To this contention it is answered that Benjamin J. Wilson made himself a party by taking an appeal from the decision of the ordinary to the superior court of Washington county, Ga., which appeal he afterwards abandoned. Counsel for Wilson also contend that the proceedings actually had before the ordinary were not otherwise in accordance with law; among other things, that no schedule of Minor's property was filed therein, and therefore no valid homestead resulted in favor of Mrs. Minor and her children as against anybody. These questions I do not think need to be decided. The decrees in the case of Wilson v. Hardee and Minor rendered in this court in the main case should be construed in the light of the pleadings. Substantially, Wilson in his bill only asked that the deed from Minor to himself, in trust for his wife, and the joint deed of Minor and wife to Hardee, should be declared invalid as against him for the amount of his judgment. As between the parties to those conveyances, he (Wilson) had no interest to invalidate them. The parties defendant, Minor and wife and Hardee, insisted in their answers that the conveyances were in good faith, for a valuable consideration, and in full force. By these judicial admissions neither Minor nor his wife had any right in, or title to, the lands in controversy, and naturally they ought to be estopped from setting up title. The Code of Georgia (section 1952) declares that:

"The following acts by debtors should be fraudulent in law against creditors and as to them null and void: \* \* \* Every fraudulent deed or conveyance not for a valuable consideration made by a debtor insolvent at the time of such conveyance."

Under the law of Georgia it seems that the title to property conveyed by voluntary deed by a person insolvent at the time remains where the deed puts it, except that such a deed cannot be set up against existing creditors; and, as James M. Minor put the title out of himself by his deed, in trust for his wife, it would seem that for all the proceedings had in the circuit court of the United States the title remains out of him. Section 1969, Code Ga. 1882, provides that:

"Whenever any person in this state conveys any real property by deed to secure any debt to any person loaning or advancing such vendor any money or to secure any other debt and shall take a bond for titles back to said vendor upon the payment of such debt, or debts, or shall, in like manner, convey any personal property by bill of sale, and take an obligation binding the person to whom said property was conveyed to reconvey said property upon the payment of said debt, or debts, such conveyance of real and personal property shall pass the title of said property to the vendee; provided that the consent of the wife has been first obtained, till the debt, or debts, which said conveyance was made to secure shall be fully paid, and shall be held by the courts of this state to be an absolute conveyance, with the right reserved by the vendor to have said property reconveyed to him upon the payment of the debt, or debts, intended to be secured, agreeable to the terms of the contract, and not a mortgage."

And it seems, so far as passing title is concerned, that whether a bond to reconvey title is taken or not is immaterial. In Braswell v. Suber, 61 Ga. 398, it was held by the supreme court of Georgia that no bond was necessary; that a deed with or without bond to secure a debt passed title; and the same court held (Phinizy v. Clark, 62 Ga. 623–626) that such security is not a mere lien, but title, subject to be divested by payment of the secured debt. In Kirby v. Reese, 69 Ga. 452, it was held that where such a deed is made there is nothing in the debtor wherein a homestead can operate, save the equity of redemption. If he never redeems, there is nothing to which the homestead can attach. The conveyance to secure a debt, made under the act of 1871, (Code Ga. § 1969,) passes title, and defeats all rights to a homestead in land conveyed by such deed. See, also, Isaacs v. Tinley, 58 Ga. 457; Christopher v. Williams, 59 Ga. 779. My conclusion, therefore, is that neither at the time the proceedings setting apart a homestead for Minor's wife and family were had, nor at any time since, was Minor entitled to a homestead in the lands in controversy; and, if Minor was not so entitled, a fortiori, Mrs. Minor and her children were not. See Bowen v. Bowen, 55 Ga. 182; Stewart v. Stisher, 83 Ga. 297–300, 9 S. E. 1041.

A decree will be entered dismissing the bill for injunction, with costs.