## PEGRAM *v.* HANCOCK.

1. A homestead set apart in 1875 upon the application of a married woman, unless made under the third section of the act of October 28, 1870, did not constitute a valid exemption of land belonging to the husband, where it did not affirmatively appear from the application that the homestead was claimed out of his property; nor could a married woman at that time, if not living separate and apart from her husband, have a homestead of realty or an exemption of personalty allowed out of her own property, unless set apart under the section of the act above mentioned.

2. In order to render valid under that section a homestead and exemption set apart in the year stated, upon the wife's application, it was essential for it to show that the property out of which the homestead and exemption were sought originally belonged to the wife, and had been relinquished, assigned, or set over to the husband, in order that he or she, as the case might be, might apply for and have the realty set apart as a homestead and the personalty exempted.

3. Consequently, where a married woman on the 6th day of November, 1875, made an application for a homestead and exemption, reciting therein that "she is the wife of [a named person], who is the head of a family, . . . that she desires to avail herself of the benefit of an act to provide for setting apart a homestead and exemption of personalty", . . . and petitioner shows that the schedule hereto attached is a correct schedule of her personal property," to which petition was attached a schedule of personalty, and at the end thereof a lot of land was described without stating the ownership thereof, a homestead and exemption allowed upon this application were void.

Argued June 16, — Decided July 23, 1898.

Levy and claim.    Before Judge Fite.    Whitfield superior court.    October term, 1897.

On April 26, 1890, Frances T. Hancock made a security-deed to Pegram, which contained a covenant that the maker was lawfully seized of the property conveyed, had a good right to convey it, and that it was unencumbered.    Pegram brought suit upon a note to secure which the deed was given, praying for

judgment on the debt and a special lien on the land.   He ob-
tained judgment, and an execution, issued against the property
of the defendant generally and against said land specially, was.
levied upon the land, the plaintiff having previously made and
had recorded a deed reconveying the land to the defendant for
the purpose of levy and sale.   A claim was interposed, and the
matter in dispute was submitted to the judge.   Besides the exe-
cution, the record of the suit and judgment, and the deeds be-
fore mentioned, plaintiff introduced "an application made by
claimant, April 14, 1890, through C. P. N. Barker, for the pur-
pose of securing a loan on said land.   In this application this.
land was minutely described, and to it was attached an affidavit.
made by claimant, in which she deposed, among other things, as.
follows: 'I am in peaceable possession of the premises de-
scribed in this application, title thereto is perfect in me and is.
not questioned, nor do I know of anything that may give rise to
any adverse claim to my title to said property.' "   Claimant in-
troduced the record of a homestead taken by her on November 6,
1875.   The petition was in her name, reciting that "she is the
wife of W. D. Hancock, who is the head of a family and a resi-
dent of said county; that she desires to avail herself of the bene-
fit of an act to provide for setting apart a homestead and exemp-
tion of personalty, . . and petitioner shows that the schedule
hereto attached is a correct schedule of her personal property."
To this petition was attached a schedule of personalty, and a
description of the land in dispute, and its alleged value.   This.
application was signed by Johnson & McCamy, attorneys, and
was approved by the ordinary and recorded in the clerk's office
as provided by law.   The proceedings in the court of ordinary
were regular in all respects.   In rebuttal, R. J. McCamy testi-
fied that both W. D. and F. T. Hancock said the land belonged
to her individually; her husband is still alive; and witness does
not think she has any children under twenty-one years of age.

The judge found the property not subject.

*R. J. & J. McCamy, Rosser & Carter* and *Thomas R. R.
Cobb,* for plaintiff.   *Jones, Martin & Jones,* for defendant.

LITTLE, J.   The only question which arises in this case is,

whether or not the proceedings instituted to have a homestead set apart on the petition of the claimant in the year 1875, and the subsequent action of the ordinary approving the same, was sufficient in law to create a valid homestead for the benefit of the claimant in the property levied on. Under the law as it stood in the year 1875, the wife, upon the refusal of the husband to do so, might apply for and have set apart a homestead for the benefit of herself and minor children. Code of 1873, § 2022. Or, when the husband, being the head of the family, had no property, or having property, if it was not of sufficient value out of which to set apart a homestead, and the wife had separate property, whether real or personal, subject to her debts, she might relinquish, assign, or set over the same to her husband, and then he or she, as the case might be, under the law, might apply and have the realty set apart as a homestead, and the personalty exempted as prescribed by the laws of force. Code of 1873, § 2018. Or, "When husband and wife are in the state of separation, and the minor children reside with the wife, or by the law she is entitled to their possession, or the court so awards them to her, she, the wife, is the head of the family in the contemplation of the homestead and exemption laws, and as respects her separate property, may have it set apart without the relinquishment or assignment mentioned in the preceding section." Code of 1873, § 2019.

If the land belongs to the husband, the fact of such ownership must appear in the application of the wife, together with the averment that the husband refuses to apply. *Mapp* v. *Long,* 62 *Ga.* 568. In the case of *Coffee* v. *Adams,* 65 *Ga.* 347, it was held: "The record of the application for an exemption under the homestead laws of the State must affirmatively disclose as whose property, whether of the husband or wife, the exemption was claimed. For failure in this respect, the exemplification of the proceedings in securing the exemption was properly excluded." This ruling was approved in the case of *Wilder* v. *Frederick,* 67 *Ga.* 669; and the same principle was ruled in the case of *Langford* v. *Driver,* 70 *Ga.* 588.

While the law favors the granting of homesteads for the protection of women and children, the exemptions created are in

derogation of the common law, and their benefits are restricted to the terms of the statute; and inasmuch as the application in this case did not show out of whose property the homestead was sought to be set aside, and, before the wife was entitled to have any portion of her real or personal property set aside or exempted, the law in force at the time her application for a homestead was approved required that she should relinquish, assign, or set over such of her property as was sought to be exempted before the application for a homestead should be approved or the exemption granted, which confessedly was not done in this case, the approval of her application by the ordinary did not have the effect of setting apart the property included in her application as a homestead for her benefit, and this failing, the land was subject.

*Judgment reversed.    All the Justices concurring.*