## MOZLEY & COMPANY *v.* FONTANA.

Where a man, as the head of a family including his wife and minor children, applied for an exemption of personalty under the constitution of 1877, and certain creditors objected on the grounds that he had previously made a conveyance of a part of the property contained in the schedule to another person and did not have title to it, and also that the title to certain articles named in the schedule was not in him; and where, after hearing evidence, the ordinary dismissed the application without stating any ground therefor, this did not estop the wife of the applicant from making another application for exemption of the same and other property at a later date, alleging that her husband refused to apply.

                    · Argued October 10,—Decided November 20, 1905.

Certiorari. Before Judge Hammond. Richmond superior court. June 17, 1905.

Antonio Fontana made application, on June 12, 1903, to have an exemption set apart to him under the constitution of 1877, as the head of a family consisting of himself, his wife, and minor children. The schedule of personal property attached to the application contained certain marble and granite pieces, household furniture, live stock, machines, drays, buggies, and similar articles, and a growing crop of hay on each of two places. Mozley & Company, as judgment creditors, filed objections to the granting of the exemption, on two grounds: first, that a part of the property sought to be exempted was not the property of the applicant but had long since been deeded by him to one Joseph Fontana; and second, because the

title to certain described property was not in the applicant. On July 15, 1903, to which time the hearing had been continued, the ordinary passed an order that "After hearing evidence submitted in said case, and argument of counsel, it is ordered said application be dismissed." From this judgment an appeal was entered to the superior court. A motion was made to dismiss the appeal, on the ground that it could only be taken in cases provided by the statute (Civil Code, §§ 2836, 2838), where certain objections were made by creditors. The motion was overruled, and this judgment was reversed. *Fontano* v. *Mozley,* 121 *Ga.* 46. On January 3, 1905, Rosa Fontana, the wife of Antonio Fontana, made application for an exemption of personalty, alleging that her husband was the head of a family of minor children, that he refused to apply for an exemption, and that she desired to do so. Attached to her application was a schedule of personalty, which appears to contain the same items as the schedule attached to the former application of her husband. By amendment she added to it a number of other items of personalty. Mozley & Company filed objections (as stated in the answer of the ordinary to the writ of certiorari) on the ground that the husband did not refuse to apply for the setting apart of an exemption, and that the property embraced in the schedule was not the property of the husband, "except to the extent and for the purpose of making said property liable for and subject to the said judgment debt of S. T. Mozley & Company, the judgment creditors of said Antonio Fontana." They also pleaded that the judgment dismissing the application of the husband estopped the wife and children from applying for an exemption. The ordinary sustained this plea. The case was carried to the superior court by writ of certiorari, which was sustained upon the hearing, and Mozley & Company excepted.

*Pierce Brothers* and *C. P. Pressly,* for plaintiffs in error.

*C. Henry Cohen* and *Samuel H. Myers,* contra.

LUMPKIN, J. (After stating the facts.)   1. It is not essential that the head of a family should have the legal title to property in order to apply for a homestead or exemption. "No present interest or estate in land beyond that implied in the fact of possession is requisite to sustain the claim of exemption as against a debt or lien inferior to the exemption right." *Pendleton* v. *Hooper,* 87 *Ga.*

108; *Whitehead* v. *Mundy*, 91 *Ga.* 198. In a contest between one who claims the homestead and a person asserting a paramount title to the property, the general law applicable to titles would determine their respective rights. As against a title conveyed to secure a debt a homestead would avail nothing. *Johnson* v. *Griffin etc. Co.*, 55 *Ga.* 691; *West* v. *Bennett*, 59 *Ga.* 507; *Christopher* v. *Williams*, 59 *Ga.* 779; *Kirby* v. *Reese*, 69 *Ga.* 452. It therefore furnishes no ground of objection on the part of creditors to allege merely that the title to the property is not in the applicant, or that he has made a conveyance of it. In the present case the objectors insist that the applicant can not obtain an exemption, because her husband does not own the property, and yet claim a status to urge this objection so as to subject the property as his. The objections made to the application of Antonio Fontana were not those specified in the statute. The ordinary dismissed the application, not on demurrer, but after hearing evidence. He did not state any grounds for the dismissal or adjudicate in terms that no exemption could at any time be granted to the applicant. We think his action should be analogized to that of the magistrates in the case of *Roseberry* v. *Roseberry*, 31 *Ga.* 122, where it was held, that "An order of magistrates, or of a magistrate, before whom a possessory warrant is returned, dismissing the warrant, without any reason stated in the order or appearing in the record, will not be regarded as an adjudication of the right of possession in favor of the defendant, but as a nonsuit, or dismissal in the nature of a nonsuit." The decision in that case has been criticised on another point, but not as to that just referred to. See *Weaver* v. *Carter*, 101 *Ga.* 209. In *Phipps* v. *Alford*, 95 *Ga.* 215, it was said: "Where an action was brought in a justice's court, which after the hearing of evidence was dismissed by the court and an appeal entered by the plaintiff and thereafter dismissed by him, this constituted no bar to bringing a second suit upon the same cause of action." See also *Herndon* v. *Black*, 97 *Ga.* 327; *Alabama R. Co.* v. *Blevins*, 92 *Ga.* 522. The order dismissing the application of Antonio Fontana in 1903 did not estop his wife from making an application for an exemption in 1905. It might furnish additional reasons for so holding, if more were necessary, that some eighteen months intervened between the two applications; and even if the husband did not own or have an interest in the property when he made his application, it would not necessarily follow that such was

not the case when the second application was made by the wife; and moreover the amended schedule annexed to the application made by the wife contains a considerable amount of property which was not included in the application of the husband. It is contended in the brief of counsel that these additional items arose from the use of the property described in the first schedule; but there is nothing in the record to show this. In fact the objections filed to the husband's application did not purport to cover all the property included in the schedule. When a homestead or exemption has been granted to the head of a family, he occupies the position of a trustee, and a judgment against him touching the homestead property, such as a judgment recovering it from him or subjecting it to a debt, binds the beneficiaries. *Barfield* v. *Jefferson,* 84 *Ga.* 609; *Wegman Piano Co.* v. *Irvine,* 107 *Ga.* 65; *Willingham* v. *Slade,* 112 *Ga.* 418. But the difference between such a judgment and one of the character here pleaded in bar is apparent.

*Judgment affirmed. All the Justices concur.*