### SMITH *v.* MURPHEY.

An equity petition does not lie to enjoin proceedings under a levy, where the defendant in execution has a complete and adequate remedy by illegality, or where the defendant's homestead rights in the property levied on may be as completely asserted in a statutory claim.

MAY 16, 1913.

Injunction.  Before Judge Maddox.  Floyd superior court.  January 14, 1913.

*M. B. Eubanks,* for plaintiff in error.  *John W. Bale,* contra.

EVANS, P. J.  A fi. fa. issued on a judgment obtained by John M. Smith against Mary Miller and Rosa Miller was levied on a lot of land as the property of Mary Miller (now Mary Murphey), and she sought to enjoin its further progress.  The grounds assigned for equitable interference were:  that she alone was served with process in the suit (a return of non est inventus having been made as to the other defendant); that her codefendant has died; that by virtue of the deed under which she holds the land the interest of her codefendant upon her death vested in petitioner; that she has been discharged in bankruptcy from the debt sought to be enforced; and that the land levied on was duly set apart to her, over the creditor's objection, as an exemption by the bankrupt court.

If the judgment debt of the moving creditor has been discharged in bankruptcy, this defense can be met by affidavit of illegality. *Monroe* v. *Security Insurance Co.,* 127 *Ga.* 550 (56 S. E. 764). The moving creditor contends that the debtor's discharge in bankruptcy did not affect his judgment, which was on a foreclosure of a materialman's lien on the land; that though his judgment was obtained within four months of the adjudication of bankruptcy, nevertheless the materials were furnished and his claim of lien recorded more than four months before the adjudication.  To this contention the petitioner replies, that a debt for materials furnished for the improvement of property subsequently set apart as a home-

stead when reduced to judgment will not subject the homestead estate (*Wilder* v. *Frederick,* 67 *Ga.* 669); and that an exemption set apart by the bankrupt court is no more subject to be levied on than if the exemption had been allowed as a homestead by the ordinary of the county (*Ross* v. *Worsham,* 65 *Ga.* 624; *Evans* v. *Rounsaville,* 115 *Ga.* 684, 42 S. E. 100); and moreover that it had been adjudicated by the United States court that the exempted property was not subject to the creditor's judgment. Even if the exemption of the land from levy and sale could not be set up by illegality, it certainly could be asserted by a statutory claim. *Brantley* v. *Stephens,* 77 *Ga.* 467.

The rule is that equity will not entertain a petition to enjoin the levy of a fi. fa., if the defendant has a full and adequate legal remedy. *Booth* v. *Mohr,* 122 *Ga.* 333 (50 S. E. 173); *Hitchcock* v. *Culver,* 107 *Ga.* 184 (33 S. E. 35). It was, therefore, erroneous to grant an interlocutory injunction restraining the creditor from further proceeding with the levy of his execution.

*Judgment reversed. All the Justices concur.*