*Robert R. Forrester,* for defendant.

---

14262.    PALMER *v.* SHIVER.

The pendency of a suit to recover possession of personalty by possessory warrant is no ground for an abatement of a suit in trover between the same parties for the conversion of the same property.

DECIDED FEBRUARY 22, 1924.

Trover; from city court of Camilla—Judge Burson. December 4, 1922.

*J. D. Gardner, Charles Watt Jr.,* for plaintiff.

STEPHENS, J.  The defendant in trover pleaded as an abatement to the plaintiff's suit the pendency of a suit by possessory warrant against him by the same plaintiff, to recover the possession of the property sued for, which plea, upon proof of the facts alleged therein, was sustained and the plaintiff's suit dismissed.

"The office of a possessory warrant is to restore the possession of a chattel to a claimant from one who has obtained it by fraud, seduction, etc., or when the property has been taken without his consent. It deals with possession and not title." *Welborn* v. *Shirley,* 65 *Ga.* 695. While one without title may, except as against the true owner or the person wrongfully deprived of possession,

recover in trover the possession of personalty which has been wrongfully taken or withheld from him (Civil Code of 1910, §§ 4481-2-3; *Burch* v. *Pedigo,* 113 *Ga.* 1157, 39 S. E. 493, 54 L. R. A. 808; *Mitchell* v. *Ga. & Ala. Ry.,* 111 *Ga.* 760, 36 S. E. 971, 51 L. R. A. 622; *Groover* v. *Iler,* 1 *Ga. App.* 77, 57 S. E. 906), and therefore may recover upon evidence authorizing a recovery under possessory warrant, he is not confined in his recovery to cases where the property has been carried away by fraud, violence, seduction, etc., and without his consent, as in the case of a suit to recover possession by possessory warrant.

Before the pendency of a former suit can be pleaded in abatement to a subsequent suit between the same parties, the former suit must be for the same cause of action as in the subsequent suit (Civil Code of 1910, § 5678). A suit to recover by possessory warrant, being a cause of action solely to recover possession of property which has been carried away by fraud, violence, seduction, etc., without the consent of the plaintiff, and nothing but the right of possession being determinable therein, is not a suit upon the same cause of action as in trover, the latter action being for the recovery of title to the property or possession as against one who has wrongfully taken it or withholds it from the plaintiff. The trover action is broader and may be predicated upon an entirely different state of facts than is necessary to maintain an action to recover by possessory warrant. In fact the Civil Code (1910), § 5374, seems to contemplate that after the judgment has been rendered upon the trial of an issue formed upon a possessory warrant, the plaintiff may prosecute a suit in trover for the property. The trover action in this case seeks to recover upon the ground that the defendant is in possession of property belonging to the plaintiff which the defendant refuses to deliver to him. This is not the same cause of action as a possessory warrant. It was error to sustain the plea in abatement.

*Judgment reversed. Jenkins, P. J., and Bell, J. concur.*