## MORGAN *v.* COMMUNITY LOAN & INVESTMENT COMPANY.

JENKINS, Justice. 1. The Code, § 51-1504, expressly extends to "intestate insolvent estates" the benefit of the statutory homestead and exemption which is given by §§ 51-1301 et seq., "in all cases where there is living a widow or child of the intestate."

2. Where the widow of an insolvent intestate thus proceeds to obtain an exemption of personal property, there is no necessity to resort to equity to prevent the property from being seized and sold by a creditor of the intestate, pending the filing and record of her schedule, or after such filing and record. *Mapp* v. *Long,* 62 *Ga.* 568 (3), 572, 573; *Lowry* v. *Williams,* 47 *Ga.* 387 (2), 388; *Smith* v. *Murphey,* 140 *Ga.* 80 (78 S. E. 423). Her remedy to recover the property from one having unlawful possession is by possessory warrant in a proper case, or by trover. *Tucker* v. *Edwards,* 71 *Ga.* 602; *Harrell* v. *Harrell,* 75 *Ga.* 697, 698; *Cobb* v. *McGrath,* 36 *Ga.* 625; *Bryant* v. *Whitsett,* 39 *Ga.* 715, 717; *Palmer* v. *Shiver,* 31 *Ga. App.* 605, 606 (121 S. E. 852), and cit.; *Wilburn* v. *Beasley,* 31 *Ga. App.* 107 (119 S. E. 537); *Wadsworth* v. *Olive,* 53 *Ga. App.* 539, 540 (186 S. E. 590).

3. The act approved February 15, 1876 (Ga. L. 1876, p. 51), on which the widow here relies as giving equity jurisdiction of her suit to recover possession of alleged exempt personal property from a creditor of the decedent husband, and to enjoin the creditor from changing the status of the property, is manifestly without application. This act by its title and terms was limited to suits for the recovery of property which "*has been* set apart" as a homestead and sold before its passage; and, as was held in *Whitworth* v. *Wofford,* 73 *Ga.* 259 (2), 260, was, by its requirement that suits be brought "within six months after the passage of the act," intended as "a quieting act."

4. The widow's petition did not disclose the particular terms of the instrument which the decedent executed to the defendant creditor, but merely alleged that the seizure was unlawful for the reason that the debt had not matured. If the instrument executed by the decedent conveyed title to secure a debt, the subsequent exemption would avail nothing against such a creditor; and no proceeding in equity could strengthen the widow's claim against the creditor. *Mozley* v. *Fontana,* 124 *Ga.* 376, 378 (52 S. E. 443); *Kirby* v. *Reese,* 69 *Ga.* 452; *Thaxton* v. *Roberts,* 66 *Ga.* 704 (1-3), 706; *Johnson* v. *Griffin Banking Co.,* 55 *Ga.* 691; *West* v. *Bennett,* 59 *Ga.* 507; Code, § 67-1301. If, on the other

676

hand, the instrument executed by the decedent was a mortgage, the remedy of the widow by possessory warrant or trover was adequate. In either event, the court did not err in dismissing the action on motion.

*Judgment affirmed.* *All the Justices concur.*

No. 14464. APRIL 13, 1943.

*John H. Payne,* for plaintiff.   *George F. Fielding,* for defendant.