### In re THOMPSON.

(District Court, S. D. Georgia, W. D.    May 14, 1902.)

BANKRUPTCY—HOMESTEAD EXEMPTION—GEORGIA STATUTE.

Under the provision of Code Ga. § 2830, which declares that "a debtor guilty of willful fraud in the concealment of part of his property from his creditors, of which he is possessed when he seeks the benefit of the exemption," shall lose the benefit of such exemption, a bankrupt cannot be denied the right to his homestead exemption because he once con-

veyed the land claimed to his wife in a vain attempt to evade a debt, where it was reconveyed prior to the bankruptcy proceedings and was scheduled by him as his property.

In Bankruptcy. Review of referee's decision allowing homestead exemption.

John I. Hall, for bankrupt.
Merrel P. Callaway, for objecting creditor.

SPEER, District Judge (orally). This is the case of an old man who, in 1896, made a deed to land to his wife. Doubtless, he made it in the effort to save his home. He was surety on the bond of a guardian. Suit was pending against him and he made this conveyance. Judgment was obtained. The wife claimed the property. Claim proceedings under the Georgia law were submitted to the jury, and the jury very properly held the property subject to the judgment. In the meantime the bankrupt law was enacted, and after a time, but before the proceeding in bankruptcy, the wife reconveyed this land to her husband. He then filed his petition in bankruptcy and placed this property in his schedule. He did not conceal it from his creditors. If he committed a fraud in the first instance, it seems that fraud was redressed, so far as the parties could redress it, by her reconveyance and his acceptance of that reconveyance. Now is he entitled to a homestead exemption in the land thus reconveyed to him, and now in the hands of the trustee?

It appears to me that we must test this question by the Georgia statute, and on looking to this we find in section 2830 of the Code this language:

"A debtor guilty of willful fraud in the concealment of part of his property from his creditors, of which he is possessed when he seeks the benefit of the exemption, shall on account of his fraud, lose the benefit of such exemption and his property shall be subject to the payment of all just debts which he owed at the time such fraud was committed."

This provision relates, I think, to fraud committed at the time the debtor seeks the exemption. There was no such fraud here. The homestead, therefore, would not be denied under the Georgia law by a Georgia court, and I do not think we have the right to deny it. I do not think the bankrupt court has jurisdiction to inquire into the initial fraud in 1896. We are only concerned with fraud respecting the application for exemption in the bankrupt court, just as the Georgia court of appropriate jurisdiction would be concerned with fraud at the time the applicant seeks the exemption. To hold otherwise would be to deny the place of repentance to the debtor who in the past had attempted to wrong his creditors. In the cases which have been cited, the title had been put out of the applicant for homestead by his own act, and, the title being out of him, the court held that he could not take homestead therein, because in parting with his property he has parted with his opportunity. In Minor v. Wilson (C. C.) 58 Fed. 616, this language is used:

"A valid homestead could not be set apart to Minor himself nor to his family out of the lands in controversy, because the conveyances of Minor to

his wife, and afterwards from Minor and his wife to Hardee, show that at the time the homestead was set apart the title of the property was not in Minor, the husband."

An order will be taken confirming the referee's judgment and allowing the exemption.