No. 32.—JAMES MORRIS, plaintiff in error, vs. WILLIAM McCA-
MEY, defendant.

[1.] A plaintiff seeking to recover for injury done his land by the erection of
a mill-dam, cannot recover, where paramount title is shown in another, by
his own evidence.

[2.] A plaintiff in *fi. fa.* requiring the Sheriff to levy on the *interest* of the de-
fendant in a lot of land, is not thereby prevented, in another suit, from con-
testing the title of the defendant in the *fi. fa.* to the land so pointed out.

[3.] An allegation, that defendant caused, by the erection of a mill-dam, " *an
unhealthy pond of standing water,*" is not sufficient to authorize the introduc-
tion of testimony showing injury sustained by plaintiff, in consequence of
sickness caused by the pond.

Case, in Murray Superior Court. Tried before Judge WRIGHT,
March Term, 1850.

William McCamey brought his action against James Morris,
alleging that Morris, by the erection of a mill-dam in Connesau-
ga river, by which " an unhealthy pond of standing water" had
been raised, and certain land of plaintiff had been covered and
injured. Plaintiff showed, by his own testimony, that the legal ti-
tle to a part of the land injured was in William McCamey, Sr.
Plaintiff claimed under a Sheriff's deed, selling the land as the
property of one Timothy McCamey, under a *fi. fa.* in favor of
Morris, the defendant in this action.

It was proven, that at the time of the Sheriff's sale, Timothy
McCamey was in possession of the land, and Morris had directed
the Sheriff to levy on the interest of said T. McCamey in it. On
the trial, defendant objected to the introduction of the Sheriff's
deed, because plaintiff had already shown paramount title in
William McCamey, Sr.

The Court overruled the objection, on the ground that Morris
was estopped from denying the title of Timothy McCamey, by
having caused the land to be sold as his.

Testimony was introduced going to show injury to plaintiff by
sickness caused by the dam, to which defendant objected, on the

ground that there was no sufficient allegation to that effect in the declaration.

This objection was also overruled by the Court. To which decisions defendant excepts.

PEEPLES and HULL, representing UNDERWOOD, for plaintiff in error.

BROWN, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

The plaintiff in the Court below brought his action against the defendant, to recover damages for overflowing his land with water by the erection of a mill-dam, and also for injury done to his health caused thereby. The plaintiff alleged title to the premises, consisting of two lots of land, Nos. 249 and 256, in the 9th district of Murray County.

[1.] On the trial, the plaintiff introduced in evidence two grants from the State of Georgia to the drawers of the lots of land in question, and deeds of conveyance of the same from the drawers (Connelly and Garr,) to Wm. McCamey, deceased. The plaintiff also introduced in evidence a *fi. fa.* in favor of Jas. Morris against Timothy McCamey, which had been levied upon the defendant's *interest* in the two lots of land, pointed out by Morris, which were sold, and purchased by Robert McCamey at Sheriff's sale, and a deed from the Sheriff to Robert McCamey, also a deed from Robert McCamey to the plaintiff. It was also shown that Timothy McCamey was in possession of the land by his tenant, at the time of the levy thereon by the Sheriff. It was objected on the trial, that the plaintiff was not entitled to recover, because his own evidence showed *paramount* title to the land in William McCamey, deceased, or his heirs, and that the plaintiff could not recover on the title derived from Robert McCamey, who purchased the premises at Sheriff's sale, as the property of Timothy McCamey, for the reason that the plaintiff had shown, by his own evidence, that the *paramount* title to the land was in

VOL IX 21

the aforesaid William McCamey, deceased, or his heirs, and no title thereto had ever passed to Timothy McCamey, the defendant in execution.

In whom did the plaintiff's evidence show the *paramount* title to the land to be, at the trial?

The plaintiff's evidence showed that the lots of land had been granted by the State to Connelly and Garr, the drawers thereof, and by them had been respectively conveyed by deed to Wm. McCamey, Sr. who was said, on the argument, to be dead, although the record does not show that fact.

There was no conveyance of the land shown to have been made from William McCamey, Sr. to the present plaintiff in the action. William McCamey, the present plaintiff, derives his title through Robert McCamey, who purchased the land, as the property of Timothy McCamey, at Sheriff's sale. There is no evidence of any deed of conveyance of the land from William McCamey, Sr. to Timothy McCamey, the defendant in execution; there was some evidence, however, that he had a bond for titles, but no evidence as to the payment of the purchase money. The evidence, as disclosed by the record, showed most clearly, in our judgment, the paramount title to the land to have been in William McCamey, Sr. and not in William McCamey, the plaintiff in the action.

Had the plaintiff only showed the *possession* of the defendant in execution, and the sale of the land under it by the Sheriff to Robert McCamey, and the deed of Robert McCamey to the plaintiff, he would have made out a *prima facie* case, which would have entitled him to maintain his action. Then, it would have been incumbent on the defendant to have shown that the paramount title to the land was in another party; but the plaintiff, it seems, saved the defendant the trouble, by showing that fact himself.

[2.] It was urged on the argument, that inasmuch as Morris, the present defendant, was the plaintiff in the *fi. fa.* which sold the land, and pointed it out as Timothy McCamey's property for the Sheriff to levy on, that he is now *estopped* from insisting that the paramount title is in another.

It appears that only the *interest* of the defendant in execution to the land was pointed out and sold by the Sheriff; besides, the plaintiff himself showed the paramount title to have been in Wm. McCamey, Sr. and thereby, showed title out of the plaintiff, who derived his title through Robert McCamey, the purchaser at the Sheriff's sale of the *interest* of Timothy McCamey in the land.

If Timothy McCamey had no interest in the land, at the time of the levy, or an *inferior* interest to the true owner, the pointing out the land to be levied on did not enlarge that interest. Whatever interest the defendant had in the land was sold, and nothing more. When the plaintiff, by his own evidence, showed that the *paramount* title to the land was in another, the defendant was not estopped from insisting on that fact in his defence.

[3.] On the trial, testimony was offered and received, going to show that the plaintiff had sustained injury to his health, in consequence of sickness caused by the mill-pond.

This evidence was objected to upon the ground, there was no *allegation* in the declaration which would authorize its admission.

. The allegation is, that by the erection of the mill-dam, "an unhealthy pond of standing water has been raised." This allegation, in our judgment, is not sufficient to have admitted the evidence, under the Judiciary Act of 1799.

Whether that "unhealthy pond of standing water" made the plaintiff or his family, or any one else *sick,* is not alleged.

Let the judgment of the Court below be reversed.