# BRYAN and FARRIE *vs.* WILLIAM HAWTHORNE and Others.

The act of 1729, ch. 8, sect. 5, requires conveyances of personal property to be in writing, acknowledged and recorded, only when delivery of possession does not accompany the sale or transfer of title. If such delivery of possession does accompany the sale, then the transfer is valid, although a bill of sale was executed, but not acknowledged or recorded.

The acts of 1846, ch. 271, and 1847, ch. 305, apply only to bills of sale, which, by the preexisting law, are required to be acknowledged and recorded; and only in these cases the oath required by the said acts is necessary.

The language of the acts of 1846 and 1847, in regard to the bond to be given by the trustee, is not mandatory, but the purpose is to indicate what trustees are required to give bond, and when and how they are. In this case, (it being admitted that it was a *bona fide* transaction,) the grantee's title to the property was perfect and complete, as soon as the property was delivered; although the deed, which accompanied it, was not recorded, or acknowledged.

UPON an appeal from Washington county court.

This case was argued before ECCLESTON, TUCK and MASON, J.

By *Jervis Spencer,* for the appellant, and *Price,* for the appellee.

The facts of the case are stated in the remarks of Mr. Spencer.

*Spencer* for the appellant.

This case is presented to the Court of Appeals, upon an agreed statement of facts.

It is an attachment by way of execution against George Knodle, and laid in the hands of the appellees, as his garnishees.

The plaintiffs were merchants in Philadelphia, and sold goods in that city to Knodle, who was a merchant in Hagerstown, for which they obtained judgment against him on the

5th day of April 1848, in Washington county court. The attachment issued on this judgment, was laid in the hands of the garnishees on the 6th April 1849.

It appears that Knodle, on the 28th day of August 1848, was possessed of a stock of goods, &c., and of notes and accounts against sundry persons, which he, on that day, undertook to convey to the appellees by bill of sale, in trust, principally to pay one of the appellees a sum of money alleged to be due him, and for other purposes in said bill of sale mentioned. From the property thus conveyed, the appellees realized the net sum of $1441.81, which was in their hands when the attachment was served upon them. The bill of sale was not properly recorded, and there was no affidavit, that the consideration mentioned therein was *bona fide*, according to the provisions of the act of 1846, ch. 271, sec. 1. Knodle, on the 11th March 1849, applied for the benefit of the insolvent laws, and obtained a final discharge on the 28th November 1849.

On the part of the appellants it is contended, that the bill of sale, dated the 28th August 1848, is invalid and ineffective against the plaintiffs in this case:

1st. The law clearly contemplates, that every deed of this character should be recorded. Acts 1845, ch. 166, secs. 1, 2.

This is a revenue law, and its purposes would be defeated, unless the record be made. It could never have been the intention of the legislature to exempt the trustee's commissions from the tax of one-tenth, imposed by the act, when the delivery of the property accompanies the execution of the deed. The words of the act are, "it shall be the duty of *all and every trustee or trustees*, to file with the clerk of the county court, in which the deed creating the trust *may be recorded*, a bond, &c., for the faithful performance of the trust." It clearly applies to every trust of "*real, personal or mixed property.*" The 3rd section subjects the trustee's commissions to a tax of "one-tenth," for the benefit of the State, whether the trust be settled in court or not; and the mode of collecting the tax, is specially prescribed. If the court should

say that there is no necessity for recording the deed in such a case as this, it would necessarily deprive the State of the revenue, it is her policy to secure. In every trust of personal property, the State would thus be liable to be circumvented.

It is absurd to talk about giving security to the clerk, and directing the clerk to give notice to the court, when the bond is not filed, or to the trustee who does not report his commissions as required by the act, if the bill of sale is not to be recorded. By construing the word "*may*" in the 1st section, to mean *shall*, and with reference to the purposes of the act, such is the right construction, the law imperatively requires that the deed should be recorded. 1 *Vern.*, 153, (*n.* 1.) *Rex vs. Barlow*, 2 *Salk.*, 609. 16 *Eng. Com. Law*, 24. 9 *Porter*, 395.

This act was also intended for the general protection of the *cestui que trust*, and no distinction could have been intended between the *cestui que trust*, where there was a delivery under the deed, and when there was not. The purposes of the act can only be fully gratified by construing *may* as *shall*, and making it applicable to all deeds of trust. The act was intended for the public protection, and as a security to the rights of third parties. In all such cases, *may* is construed *shall*.

2nd. The act of 1846, ch. 271, is explicit as to the oath of the grantees.

But it is contended, that as this bill of sale was accompanied by delivery, it does not come under the provisions of the act of 1846. Can this be so? The intention of the law was to prevent frauds, (see title of the act,) and the principle applies as forcibly to this case as it could to any other.

If we admit there was no necessity for a bill of sale; that the conveyance could have been made by delivery, and the trust declared by parol; the parties chose not to do their business in that way, and the validity of their act must depend upon the mode of proceeding they have adopted. It was clearly not intended to be a parol transaction, and cannot be effected as such. 2 *Starkie's Ev.*, 7 *Amer. Ed.*, 56, 57,

66      v. 1

Bryan and Farrie *vs.* Hawthorne.

*and notes.* As a bill of sale, the writing cannot be effectua-ted, inasmuch as it is invalidated by the general provisions of the acts of Assembly. Cases of this kind are familiar to the practice in the English courts, under the stamp acts. A transaction which would be quite good by parol, when reduc-ed to writing, without the stamp, is entirely invalid; the writ-ing merges the parol, as soon as it competently appears that the writing exists. *Stevens vs. Penney,* 8 *Taunton,* 327. 4 *Eng. Com. Law,* 117. *Magney vs. Knight,* 39 *Eng. Com. Law,* 721. *Lucas vs. Jones,* 48 *Eng. Com. Law,* 950. *Wallis vs. Broadbent,* 31 *Eng. Com. Law,* 215.

This conveyance is so much worse than the ordinary case referred to, that it could not stand without the writing; strip it of the writing, and let the right of property stand upon the naked delivery, and you strip it of the trust. This would vitiate the whole transaction. We may admit that a trust may be created by parol, but if created by writing, it could be evi-denced by nothing but the writing. Suppose the *cestui que trust* attempting to enforce the trust, as a parol declaration of trust, he is answered, there is a writing, and you must resort to that. If he resorted to the writing, he is told, it is invalid, as the policy of the law has been violated. He can have the benefit of neither. It appears by the statement of facts, that the defendants hold the funds in their hands under the bill of sale, which is conclusive against any right they might pretend to exercise under any parol conveyance.

The learned judge who delivered the opinion of the county court in this case, (assuming that there was no necessity to re-cord the bill of sale, in which we think he erred,) seemed to consider, that because it is not necessary to record a bill of sale when there is a delivery, it is not necessary to make the affidavit; *non sequitur.* If it be not necessary to record it, it is because no law requires it; not so with regard to the affidavit; the act of 1846 is imperative, and not limited to such bills of sale as are required to be recorded. The bill of sale must be verified by affidavit.

The petition and discharge of Knodle cannot affect the

rights of the plaintiffs in this case.   Being creditors under a contract made out of this State, the  proceedings in insolvency are void as to them.   *Larabee vs. Talbot,* 5  G., 426.

*Price* for appellee.

The case involves the validity of the deed of trust, which is to be found set out in record.   The appellees contend the deed is good ; the appellants, that it is void from the want of certain requisites required by law.   The deed is  assailed upon two grounds:   1st. That the deed is  not recorded.   2nd. That there is no affidavit of the consideration, in conformity to the provisions of the act of 1846, ch. 271, and  its supplements.

1st.  Upon the first point it is contendsd, that as the property conveyed by the deed, was not retained by the grantor in his possession, it was not necessary  to its validity, that it should be recorded.   It is  just as valid without as with enrolment.   The act of 1729, ch. 8, sec. 5, was made to restrain *secret sales,* and by its express terms, was  not to affect any sales, which should be accompanied by a delivery  of possession.   In this case it is admitted, that Seibert and Hawthorn accepted said deed, and immediately took  possession of the property mentioned therein.   The act of 1846, ch. 166, secs. 1 and 2, was not intended to alter the law in this respect.

2nd.  Upon the second point it is contended, that the act of 1846,  ch. 271, cannot affect any deed, to the validity of which, recording is not necessary.   By the terms of the act, the affidavit is to be made before it is recorded.

Again, it is contended that the act  of 1846  was intended to apply to bills of sale and mortgages, and this is neither the one nor the other :   It is a deed  of trust.

MASON, J., delivered the opinion of the court.

It is conceded in the statement of facts agreed upon in this case, that the  property mentioned in the deed of trust, the validity of which is assailed in these proceedings, was delivered to the grantees in said deed, immediately  upon its execution.   The act of 1729, ch. 8, sec. 5, only requires conveyances of personal property  to be in writing, acknowledg-

ed and recorded, where delivery of possession does not accompany the sale or transfer of title, but remains with the grantor. This act, therefore, does not apply to this case, but the *bona fide* transfer by sale or otherwise, *accompanied by delivery of the property*, effectuates the title in the grantees, and no written conveyance is necessary; and where there is a bill of sale or deed of personal property *accompanied by delivery*, none of the formalities of the act of 1729, ch. 8, sec. 5, are necessary to give it validity. This is not only the manifest meaning and design of that act, but it is the construction given to it by this court in a number of previous decisions, to which the learned judge who delivered the opinion below, has referred. If this was a *bona fide* tranaction, (and this is not denied,) the title to this property in the grantees, was perfect and complete, as soon as it was delivered, whether the deed conveying it was acknowledged and recorded or not.

The act of 1846, ch. 271, and its supplement of 1847, ch. 305, apply only to such bills of sale, as under the preexisting law, are required to be acknowledged and recorded. This is clear, from the fact, that the two acts, when construed together, provide that the oath shall be taken at the time of acknowledgment, or before the paper is recorded, and as a necessary sequence, if the deed need not be acknowledged nor recorded, no oath is required by the acts of 1846 and 1847.

It has been contended by the counsel for the appellant, that the act of 1845, ch. 166, sec. 1, requires all deeds of trust, like the one now in question, to be recorded, in order that the State may thereby secure the tax upon the trustee's commissions arising under said deed. We do not see anything in that act to warrant such a construction. The language, upon which the counsel particularly relies to support the view he takes of the act, is in these words, "it shall be the duty of every trustee * * * to file with the clerk of the county court, in which the deed creating the trust *may be first recorded*," &c.

We regard this language as merely *descriptive* and not *mandatory*. Its purpose is to indicate what trustees are re-

quired to give bond, and when and how they are to do so. It designed merely to say that all trustees created under deeds of trust, *which are now required by law to be recorded,* shall give bond, &c. And it makes no difference whether the word "may" be construed "shall" or not. In our judgment it would not alter the obvious meaning and design of the law.

As regards the question whether, the act of 1846, ch. 271, embraces deeds of trust or not, is a matter which we do not feel ourselves required to settle in this record. It is a question not necessarily involved in this case, and therefore ought not now to be decided.

*Judgment affirmed.*