LOYLESS & GRIFFIN, agents, plaintiffs in error, *vs.* WILLIAM A. COLLINS, defendant in error.

1. The specific property for which purchase money is due is liable to a judgment therefor, notwithstanding the same has been set apart under the homestead law. Other property exempted is not subject thereto.

2. The evidence shows that the property, from which the fund in court for distribution was raised, was not embraced in the exemption of personalty of the defendant in execution; and the court therefore erred in ordering the money paid over to him.

Homestead. Purchase money. Before Judge STROZER. Calhoun Superior Court. September Adjourned Term, 1874.

Reported in the decision.

L. D. MONROE, by VASON & DAVIS, for plaintiffs in error.

No appearance for defendant.

WARNER, Chief Justice.

This was a contest between a judgment creditor of Collins and Collins himself, as to the appropriation of the sum of $120 00, which had been brought into court under a summons of garnishment, at the instance of Collins, the latter claiming the money as a homestead exemption. The court, by its judgment, awarded the money to Collins, whereupon the judgment creditor excepted.

1. The plaintiff's judgment was founded on an account for a cotton gin which Collins had purchased but had not paid

Loyless & Griffin *vs.* Collins.

for, and had had set apart as a homestead exemption. Inasmuch as the cotton gin had not been paid for, it was subject to the plaintiff's judgment for the purchase money due therefor, but not the other property contained in the homestead exemption.

2. There is contained in Collins' homestead exemption a note on Brown for $100 00, and two bales of cotton, worth $60 00. It is quite clear, we think, that the cotton for which Brown gave his note for rent was not included in the homestead exemption. The distress warrant of Collins against Brown was sued out on the 27th of October, 1873, and on the same day levied on the cotton, from the proceeds of which the money was raised, the subject matter of distribution, as appears from the record. Collins' homestead exemption was not obtained until the 27th of December thereafter. Collins, the homestead debtor, cannot have Brown's note as an exemption, and other cotton to the amount thereof, which was not embraced in his exemption. The cotton from which the money was raised had been levied on as the property of Brown two months before the homestead exemption of Collins was obtained, and therefore it was not *the* cotton contained in his homestead exemption. If the cotton levied on was Brown's cotton, two months before Collins obtained his homestead, it was not his cotton which was contained in his homestead exemption. In our judgment, the court erred in awarding the money to Collins as his homestead exemption on the statement of facts contained in the record.

Let the judgment of the court below be reversed.

JACKSON, Judge, concurring :

I desire to say that I concur in the judgment of the court in this case, but not in the entire opinion. I hold that the homestead is *one*—granted to the party by one act—that of the ordinary. In like manner the exemption of personalty is *one act*. The two together constitute *one estate*, set apart to the head of the family in trust for the family. It is made exempt by the constitution from all debts except taxes, pur-

chase money, etc. The several acts of the legislature on the subject require *the utmost good faith* on the part of him who takes the homestead and the exemption. He is required to make out a complete schedule of personalty owned by him, and provision is made with respect to the schedule so made out. After his exemption of $1,000 00, the balance is to be sold for the benefit of creditors: Code, section 2005.

I analogize it very much to the old insolvent acts in regard to the discharge of the debtor from prison. No fraud of any sort will be tolerated. I think it would be a great fraud, a heinous wrong, for a party to cause to be exempted one hundred bushels of corn, or one thousand pounds of bacon, for which he had not paid at the time of the exemption, and then to consume this bacon and corn, and leave the seller remediless. Or, in the case at bar, I think it would be an equal fraud for him to use the gin until it became worthless, or to sell it and pocket the money, and the seller of the gin have no remedy, though it should appear that it was worn out in ginning the very cotton in dispute, or sold for another gin, or for money and the money consumed by the family. Thus I think I show that cases may arise where it would work great wrong to lay down the principle approved by a majority of the court, that "inasmuch as the cotton gin had not been paid for, *it* was subject to the plaintiff's judgment for the purchase money due therefor, *but not the other property contained in the homestead exemption.*" I hold that *all* the exempted property is liable for the purchase money of any part, just as all is liable for taxes, or money borrowed for improvements. The entire estate is exempted on the condition that all is paid for, and if any part be not paid for, the whole is not exempted according to law until such part be paid for.

The constitution admits of this interpretation. It exempts "realty to the value of $2,000 00 in specie, and personal property to the value of $1,000 00 in specie." It exempts this whole property, or as much as the debtor has, to be set apart, free from all debts, "except for taxes, money borrowed and expended in the improvement of the homestead, *or for the*

*purchase money of the same,* and for labor done thereon, or material furnished therefor, or removal of encumbrances thereon." What taxes? Taxes on all. What purchase money? Purchase money for all. What property is exempt? The whole of it. Is the laborer to have a right to go only upon the house he builds or the fence he erects or the field he clears or cultivates? I think not. I think that a fair interpretation of the provision of the constitution and of the laws framed thereon, make *all* the homestead and exemption liable for the purchase money of *any part:* Constitution; Code, sec. 5135. The act is but a transcript of the constitution: Code, section 2002. Immediately following this last section are many sections which show that the utmost good faith must be observed by the debtor, particularly section 2005. This good faith is broken if he conceals any of his personal effects; how much more if he attempts to exempt what he has never paid for, and to which he cannot conscientiously claim title. Nobody is hurt by the construction I put on the constitution, and justice is done.

Neither the constitution, nor the act passed to carry it into effect, cuts up the homestead and exemption into separate parcels, making one parcel liable for one debt and another for another debt, but they both treat the whole as *one trust estate,* exempt from all the liabilities of the head of the family, except a particular class of debts, and for this class of debts I think the whole trust estate is liable. It may be, that in the case at bar, no particular harm would be done, even if the case were not decided with the creditor upon other grounds. It may be that the gin is still in possession of the debtor, and not worn out or put out of the way. The record is silent as to these points in this case; but the principle decided is of great practical importance, and I cannot give my assent to it.

I need not say in what high esteem I hold the legal opinions of my associates on the bench; nor need I say how readily I yield to their judgments when I can conscientiously do so. But in this matter my own convictions, however erroneous they may be, are clear and strong, and I feel it a

duty to express my dissent from this part of the decision, that only the particular item of the homestead and exemption not paid for is liable for the purchase money thereof. In my judgment, all is liable until all is paid for.