## 7535. MITCHELL v. THE STATE.

BROYLES, J. 1. The admission of the evidence complained of in the first ground of the amendment to the motion for a new trial, under the facts of this case, was not error.

2. The excerpt from the charge complained of in the second ground of the amendment to the motion for a new trial is not erroneous for any of the reasons assigned.

3. When considered in the light of the entire charge, there was no error in the following excerpt from the charge: "When a witness is success-fully contradicted as to a material matter his credit as to other matters is for you to determine; but when a witness swears wilfully and knowingly falsely, his testimony ought to be disregarded entirely unless corroborated by circumstances or other unimpeached testimony. It is for you to determine the credit to be given, as before stated, the testimony when impeached by contradictory statements."

4 Error is assigned upon the following charge: "Now, gentlemen of the jury, if you were to fail to find that there was any confession proven to have been made and admissible under the rules I have given you in charge, then I charge you that the further rule applies, that where a conviction is based on circumstantial evidence the proven facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused." As a confession in a criminal case is direct evidence, this charge was not erroneous for the reason that it restricted the rule of law as to the application of circumstantial evidence to the jury's failure to find that there was any confession proven to have been made, and admissible in the case; nor was it erroneous because the court, in another portion of the charge, instructed the jury as to the law of confessions when there was no evidence authorizing such instructions. If the plaintiff in error desired to raise this point, he should have excepted specifically to that portion of the charge containing such instructions. The excerpt complained of is not erroneous for any other reason assigned.

5. There was some evidence to support the verdict, and it having been approved by the trial judge, this court is without authority to interfere.

*Judgment affirmed.*

DECIDED JULY 29, 1916.

Indictment for burglary; from Polk superior court—Judge Bartlett. April 25, 1916.

*Bunn & Trawick, W. W. Mundy,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general,* contra.