*R. W. Crenshaw, Anderson & Rountree,* for plaintiff in error.
*Moore & Pomeroy,* contra.

---

### 8332.  BRANDT *v.* KLEMENT.

LUKE, J. 1. A discharge in bankruptcy does not relieve the bankrupt from liability upon actions for fraud or for obtaining property by false pretenses or false representations. *Atlanta Skirt Mfg. Co.* v. *Jacobs,* 8 *Ga. App.* 299 (68 S. E. 362); *Orr Shoe Co.* v. *Upshaw,* 18 *Ga. App.* 501 (79 S. E. 362); *Moody* v. *Muscogee Mfg. Co.,* 134 *Ga.* 721 (68 S. E. 604, 20 Ann. Cas. 301).

2. Upon the petition for certiorari and the answer thereto, the court did not err in overruling the certiorari.

    *Judgment affirmed. Wade, C. J., and George, J., concur.*
        DECIDED JULY 26, 1917.

Certiorari; from Fulton superior court—Judge Bell.  October 12, 1916.

Mrs. Klement sued Brandt in the municipal court of Atlanta for $72, alleging that he was indebted to her in this sum for rent collected by him for property belonging to her.  In his answer he admitted that he had collected $70.22 in rent for her, and alleged that payments therefrom, amounting to $20.20, had been made by him for and to her, and that, by reason of a contract by her to pay a commission of $55 on the sale of certain real estate, there was due him a balance of $3.98.  The trial resulted in a judgment against him for $51.02.  Subsequently he filed a petition in bankruptcy, in which the judgment was scheduled, and, after his discharge in bankruptcy, an execution based on this judgment was levied.  He interposed an affidavit of illegality, on the ground that the debt had been discharged in the bankruptcy proceeding.  It appeared from testimony on the trial of the issue thus raised that on the original trial there was evidence that the defendant represented to the plaintiff that he had paid off for her a series of notes amounting to $200, and requested that he be allowed to reimburse himself by collecting the rent referred to above, and thus obtained her consent to his collection of the money; that she afterwards found that he had not paid the notes, and she demanded the money collected, and he refused to pay it.  A judgment overruling the affidavit of illegality was rendered by the judge of the municipal court, who tried the case without a jury, an oral motion for a new trial was overruled, certiorari was sued out, the certiorari was overruled, and error is assigned on the overruling of the certiorari.

It was contended that the provision of the bankruptcy act (§ 17 (a)), relied on by the plaintiff, which excepts from the operation of a discharge in bankruptcy "liabilities for obtaining property by false pretenses or false representations," etc., does not apply to this case, because the plaintiff's judgment was rendered on a suit ex contractu, in which there was no allegation of fraud or false pretenses or representations; that to avoid the effect of a discharge in bankruptcy, as to a judgment, it should appear, from allegations in the pleadings on which the judgment is based, that the liability is within the exception referred to.

*Reynolds & Whitman,* for plaintiff in error, cited: Bankruptcy

act, §§ 63 (a), 17 (a), 32 Stat. L. 798; 1 Fed. Stat. Ann. (2d ed.) 718, 719; *Ford* v. *Blackshear Mfg. Co.,* 140 *Ga.* 671, 676-8.

*Mark Bolding, George T. Northen,* contra, cited: Bankruptcy act, § 17; Hallagan *v.* Dowell, 139 N. W. 883, 31 Am. B. R. 848; *Atlanta Skirt Mfg. Co.* v. *Jacobs,* 8 *Ga. App.* 299; *Orr Shoe Co.* v. *Upshaw,* 13 *Ga. App.* 501 (2); In re Lewis, 20 Am. B. R. 711 (163 Fed. 137); 3 Remington, Bankruptcy (2d ed.), § 2746; Collier, Bankruptcy (ed. 1914), 392; Bullis *v.* O'Beirne, 195 U. S. 606; *Moody* v. *Muscogee Mfg. Co.,* 134 *Ga.* 721 (4) (20 Ann. Cas. 301); Mackel *v.* Rochester, 14 Am. B. R. 429 (135 Fed. 904).