### 15198.   BANKSTON *v.* BARNESVILLE BANK.

LUKE, J.   1.   A discharge in bankruptcy does not relieve the bankrupt from liability upon an action for fraud or for obtaining money by false pretenses or false representations.   *Brandt* v. *Klement,* 20 *Ga. App.* 664 (93 S. E. 664), and citations.

2. For no reason pointed out in the record did the court err in overruling the motion for a new trial.

*Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MARCH 6, 1924.

Complaint; from city court of Barnesville—Judge Redding.  October 16, 1923.

The bank sued H. H. Bankston upon his note to it, and he pleaded discharge in bankruptcy.   This note was in renewal of one given under circumstances stated as follows: The cashier of the bank testified: "I made the loan as such to H. H. Bankston, represented by the note.   H. H. Bankston came into the bank in the spring of

1920, . . the day the original note was dated, and wanted to borrow $1000, and stated that his father told him he would sign the note with him the next time he came to town. I told him . . that we would lend him the money on his and his father's note. . . He stated that he was going to Atlanta to buy some fertilizer and that he was in a hurry, as the train was nearly due, and his father could not come to town that morning, and for me to fix up the note, and I did so and placed the money to his credit and gave him deposit slip for it; which I did less the interest. His father never did sign the note, and refused to do so. I never made demand on his father to sign the note sued on; it was the defendant's place to do this. The money, or a part of it, remained on deposit for some time. The defendant failed to pay the first note when it was due, and came into the bank and said his father told him to renew the note and make the interest as reasonable as possible. I don't think he stated then that his father would sign the renewal note." The note sued on was for $1020, was dated November 23, 1920, and was signed by H. H. Bankston alone. H. E. Bankston testified: "I knew about the time my son H. H. Bankston got the $1000 from the Bank of Barnesville in the spring of 1920 and went to Atlanta to buy some fertilizer. I did not tell him to tell the bank that I would sign the note with him for the $1000, and did not tell him that I would do so." It appeared by admission and agreement at the trial that the defendant was regularly discharged in bankruptcy, that the note sued on was listed on his schedule, and that the plaintiff had notice of the proceeding and of the listing of this claim.

The verdict was for the plaintiff. The defendant, in his motion for a new trial, alleged that the court erred in admitting the testimony as to the transaction between the bank cashier and the defendant (set out in the motion), over the objection that the plaintiff's petition "did not allege fraud or did not contain any other allegation as to fraud." The other special ground of the motion for a new trial was as follows: "Because the court erred in charging the jury as follows, to wit: At the conclusion of the court's charge to the jury the following query was propounded to the court by juror Moyer: 'What effect or bearing would the renewal of the note have upon this case?' The court instructed that the renewal would have no effect if fraud was perpetrated in the original note. Mov-

ant alleges that the above charge and instruction was contrary to law."

Citations by counsel: U. S. Comp. Stat., §§ 9585-6; 20 *Ga. App.* 664; 8 *Ga. App* 299; 13 *Ga. App.* 501; 24 *Ga. App.* 386; 31 *Ga. App.* 113; 134 *Ga.* 721.

*B. H. Manry, Herman M. Johnson,* for plaintiff in error.
*Dobbs & Barrett,* contra.