## 28320. GARMON *v.* DAVIS.

DECIDED DECEMBER 4, 1940.

*Clint W. Hager, J. F. Kemp,* for plaintiff in error.

*J. B. Hamilton Jr., John A. Ford,* contra.

MACINTYRE, J.   Ben H. Davis, a minor, by his next friend, on May 5, 1939, filed a petition to set aside a sale in which he purchased an automobile from F. E. Garmon doing business as the Garmon Motor Company, and sought the return of the purchase-money of $750.   The petition was in two counts, one on the ground of fraud, the other on the ground that Davis was a minor.   The first count alleged, among other things, "that the fraud and deceit practiced upon Ben H. Davis by the defendant constitutes a rescission of the contract of sale, and Ben H. Davis is entitled to be placed in status quo."   The judgment was in favor of Davis, the plaintiff, for $750.   Execution was issued and was levied on the automobile in question which Davis had stored in a garage to be returned to Garmon if and when Garmon returned the $750 purchase-money.   Before the automobile could be advertised for sale Garmon filed a voluntary petition in bankruptcy, scheduled the judgment of $750 as a liability, and claimed the automobile as an asset.   Garmon contended that the automobile was worth $350, and claimed it as a homestead exemption.   The referee in bankruptcy set aside the automobile as a homestead exemption to Garmon. Thereafter Garmon filed a claim to the car under the homestead exemption, as the head of a family.   In the trial of the claim case, the judge found the property subject to levy under Davis's fi. fa.,

and found that the automobile was not subject to a homestead exemption. To this judgment Garmon excepted.

The plaintiff in error, Garmon, contends that the evidence is uncontradicted that he was the head of the family, and that the automobile in question was the property which he claimed and which was set aside to him as a homestead exemption under the Code, § 51-101, which provides: "There shall be exempt from levy and sale by virtue of any process whatever under the laws of this State, except as hereinafter excepted, of the property of every head of a family, or guardian or trustee of a family of minor children, or every aged or infirm person, or person having the care and support of dependent females of any age, who is not the head of a family, realty or personalty, or both, to the value in the aggregate of $1600; and no court or ministerial officer in this State shall ever have jurisdiction or authority to enforce any judgment, execution, or decree against the property set apart for such purpose, including such improvements as may be made thereon from time to time, except for taxes, for the purchase-money of the same, for labor done thereon, for material furnished therefor, or for the removal of incumbrances thereon." It should be noted that the pleadings as constituted at the time of the trial, and the evidence and the contentions of both the plaintiff and the defendant in error, show that the value of the automobile was far below the amount which would be required to redeem it, and that the claim which was filed was the usual one and was invoking no equitable rules or remedies. Thus the only question presented for determination is: Did the plaintiff in error have such title to the automobile as can be operated upon by the homestead? What was the nature and extent of his interest? In other words, what was the estate that Garmon had in the automobile at the time it was set apart in the homestead? On what estate did the homestead proceedings of Garmon take effect? On such estate as the vendor in the bill of sale, Garmon, had in the automobile. The legal title passed from Garmon, the vendor in the bill of sale, to Davis, the vendee. The only estate, if any, of the vendor in the bill of sale in the automobile was an equity of redemption. His estate, if any, was purely equitable, and consisted of a right to redeem the legal title, and equitable principles are applied to purely equitable estates. *West* v. *Bennett*, 59 *Ga.* 507, 509. Then what is the remedy according

to equitable principles? It is to redeem the property. *West* v. *Bennett,* supra. If the vendor never redeems the property, there is nothing, no estate, to which his homestead can attach. *Kirby* v. *Reese,* 69 *Ga.* 452. The pleadings and the undisputed evidence, including the admissions in judicio, demanded a finding that the car was not worth half the amount the plaintiff in error must pay in order to redeem it, and that he had in effect elected not to return to Davis the money which the court had already adjudicated plaintiff in error had obtained by fraud brought about "by false pretenses or false representations," and the plaintiff in error had elected not to do equity. The national bankruptcy act, as amended by the act of June 22, 1938, declares, in part: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . are *liabilities for obtaining money or property by false pretenses or false representations."* 11 U. S. C. A. § 35. See *Brandt* v. *Klement,* 20 *Ga. App.* 664 (93 S. E. 255); *Donnelly Co.* v. *Milligan,* 37 *Ga. App.* 530 (140 S. E. 918); *Mumford* v. *Mechanics Loan & Savings Co.,* 39 *Ga. App.* 204 (146 S. E. 655); *Speir* v. *Westmoreland,* 40 *Ga. App.* 302 (149 S. E. 422); *Henry* v. *Ringle,* 44 *Ga. App.* 293 (161 S. E. 269). Under the pleadings as constituted at the time of the trial, and the evidence, the plaintiff in error had no title upon which his homestead could operate or attach. The bankrupt "has precisely the same title after his exempt property was set apart as he had to it before." *Bush* v. *Lester,* 55 *Ga.* 579. The court did not err in denying the claim, and in ordering the execution to proceed. *Gill* v. *Mizell,* 43 *Ga.* 590; *Loyless* v. *Collins,* 55 *Ga.* 371; *White* v. *Wheelan,* 71 *Ga.* 533; *Perdue* v. *Fraley,* 92 *Ga.* 780 (19 S. E. 40).

Garmon (plaintiff in error and defendant in fi. fa.) contends that Davis (defendant in error and plaintiff in fi. fa.), so far as the right of Garmon to claim the automobile as a homestead exemption is concerned, is estopped to deny that the automobile levied on was the property of Garmon, the defendant in fi. fa., because the levy having so recited, the plaintiff in fi. fa. is bound thereby. Merely because the defendant in error (the plaintiff in fi. fa.) pointed out this property to the sheriff to be levied on under his fi. fa. as the property of the defendant in fi. fa., the plaintiff in fi. fa. was not estopped from denying the title of the defendant in fi. fa. in

another and subsequent proceeding to set the property aside as a homestead exemption. The plaintiff in fi. fa. has a right to levy on and sell any property of the defendant in fi. fa., or sell any pretended title to any property of the defendant in fi. fa.; and if it turns out that the property was not the property of the defendant in fi. fa., or that he did not have any title to the property, nothing would pass under the sale thereof. The levy of execution is not of itself a warranty that the defendant in fi. fa. has any valid title. It is not even an assertion in the least degree as to the nature or validity of the title of the property to be sold thereunder. "The doctrine of estoppel in pais, proceeds wholly on the theory that the party to be estopped, has, by his declarations or conduct, misled another to his prejudice, so that it would be a fraud upon him to allow the true state of the facts to be proved." Martin v. Zellerbach, 38 Cal. 300, 314 (99 Am. D. 365). Can it be said, with truth, that the plaintiff in fi. fa., by the mere fact of causing whatever title or pretense of title the defendant in fi. fa. had to be sold under execution, has deluded or defrauded the defendant in fi. fa. into the belief that he had such an estate in the property as would allow his homestead to operate upon it, even though the defendant in fi. fa. had failed and refused to exercise his right to redeem the legal title? The law will not presume that the plaintiff in fi. fa., in seeking to enforce his judgment, so deluded and defrauded the defendant in fi. fa. who later became the homesteader. Morris v. McCamey, 9 Ga. 160 (2); State v. Johnson, 21 Ga. App. 320 (94 S. E. 325).

We think that under the pleadings as constituted at the time of the trial, and the evidence, the judge did not err in finding that the property was not subject to the homestead, and in finding that it was subject to the levy.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*