LOCHNER v. MORELAND.
No. 6339.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 8, 1951.

Decided Dec. 11, 1951.

986

Irving B. Grandberg, Baltimore, Md., for appellant.

Everett L. Buckmaster and Charles Mindel, Baltimore, Md. (George L. Clarke and Buckmaster, White, Mindel & Clarke, all of Baltimore, Md., and Mudd & Mudd, La Plata, Md., on brief), for appellee.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and MOORE, District Judge.

PARKER, Chief Judge.

This is an appeal in a controversy arising in a bankruptcy proceeding over an automobile truck which the bankrupt had contracted to purchase from an automobile dealer. The District Judge held in favor of the dealer who was claiming the truck and the trustee in bankruptcy has appealed. The facts are that sometime before bankruptcy the bankrupt contracted to purchase from claimant a motor truck upon which claimant was to have built a refrigerated body of special design. The price agreed upon was $5581.90 and an old truck was accepted by claimant in payment of $500 of the purchase price. Under the contract between the parties, bankrupt was not to have possession of the truck until one-fourth of the purchase price should have been paid and until that time it was to remain in possession of claimant. The amount stipulated was never paid and the truck remained in claimant's possession at all times. Title under the state automobile registration was registered in claimant and never transferred to bankrupt.

Prior to bankruptcy claimant obtained from bankrupt a note in the sum of $8337 covering the balance due on the truck and the balance due on merchandise which it had sold claimant; but claimant's possession of the truck was in no way interfered with as a result of this transaction. The note authorized confession of judgment; and plaintiff obtained judgment against defendant thereon and caused execution to be issued. Levy under the execution was made on certain personal property including the truck, but there was no sale under the execution. Following the levy, bankrupt filed a petition for an arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., and this resulted in the bankruptcy proceedings in the court below. Claimant filed a petition in these proceedings claiming the truck and the District Judge held in his favor, directing that the proceeds of the sale of the truck be credited on the balance due on the purchase price if not in excess of that amount and that claimant be allowed to prove an unsecured claim for any deficiency.

We think that this holding of the District Judge was clearly right. By express agreement of the parties claimant had a lien on the truck for the unpaid purchase price with right to retain possession for the enforcement of the lien. In addition to this he had a lien as an unpaid seller for the remainder of the purchase price so long as the truck remained in his possession. Flack's Annotated Code of Maryland, art. 83, sec. 71(1)(a). Because of this possession, the lien was good against creditors notwithstanding it was not registered in accordance with the requirements of the Maryland Code, art. 21, sec. 71; for it is well settled that possession of personal property by one holding a lien thereon dispenses with the necessity of recording. In re Sachs, D.C., 21 F.2d 984, Id., 4 Cir., 30 F.2d 510; Bryan v. Hawthorne, 1 Md. 519; Firestone Tire & Rubber Co. v. Cross, 4 Cir., 17 F.2d 417, 421, 422; Finance & Guaranty Co. v. Oppenheimer, 276 U.S. 10, 12, 48 S.Ct. 209, 72 L.Ed. 443.

And we think it perfectly clear that the lien of claimant was not lost because he accepted a note for the balance due on the purchase price of the truck and obtained judgment on the note; for it is expressly provided by the Uniform Sales Act, Flack's Annotated Code of Maryland, art. 83, sec. 74(2) that "The unpaid seller of goods, having a lien thereon, does not lose his lien by reason only that he has obtained judgment or decree for the price of the goods". And see Edward Thompson Co. v. Brown, 171 Minn. 483, 214 N.W. 284. It can make no possible difference that the note and the judgment thereon included indebtedness in addition to the balance due on the purchase price of the truck. Nor can it make any difference that execution was issued under the judgment and levy made on the truck, since there was no sale under the execution to estop the claimant as against the purchaser at the sale.

The trustee argues that the execution and levy involved the pursuit of a remedy inconsistent with the existence of the lien and that consequently the lien was forfeited. It is a sufficient answer to this to say, as did the District Judge, that the levy "was not inconsistent with but only cumulative of the admitted right of the vendor to retain the truck until paid off." The truck unquestionably belonged to bankrupt subject to the lien for the unpaid purchase money; and to cause his interest to be subjected to the lien of the levy was in no way inconsistent with the assertion of the lien already existing. Whether this interest was subject to levy and sale under execution, it is not necessary to inquire, as no sale was attempted. Certainly the levy evinced no intention to relinquish the lien based upon possession which plaintiff continued to hold notwithstanding the levy. See Lambert v. Nicklass, 45 W.Va. 527, 31 S.E. 951, 44 L.R.A. 561; Garmon v. Davis, 63 Ga.App. 815, 12 S.E.2d 209; Arctic Ice Machine Co. v. Armstrong County Trust Co., 3 Cir., 192 F. 114; Nauman Co. v. Bradshaw, 8 Cir., 193 F. 350, 354; Overbury v. Platten, 2 Cir., 108 F.2d 155, 126 A.L.R. 185.

For the reasons stated, the order appealed from will be affirmed.

Affirmed.