19968. MOULTON *v.* BUNTING McWILLIAMS POST NO. 658, VETERANS OF FOREIGN WARS *et al.*

ARGUED JANUARY 15, 1958—DECIDED FEBRUARY 7, 1958—
REHEARING DENIED MARCH 7, 1958.

*W. Horace Vandiver, Frank G. Wilson,* for plaintiff in error.
*Andrew W. McKenna, Bloch, Hall, Groover & Hawkins,* contra.

ALMAND, Justice. The judgment under review is one sustaining general and special demurrers to an amended petition seeking damages and injunctive relief.

On May 14, 1957, L. D. Moulton filed his petition against Bunting McWilliams Post No. 658 of the Veterans of Foreign Wars and others, in Bibb County Superior Court, seeking to recover damages against the defendants by reason of their maintaining a dam across an unnamed, non-navigable stream of water, whereby a diversion of the natural flow of water from the defendants' property resulted, depriving the plaintiff of his right to the normal and natural flow of water through the premises upon which he operated a dairy farm, causing him damage in enumerated amounts by reason of the failure of his cows to have drinking water which they would normally have had except for the unreasonable diversion of the stream by the defendants. The plaintiff also sought to enjoin the defendants from interfering with the normal and natural flow of water through his property. On June 27, 1957, the court sustained certain general and special demurrers to the petition and granted the plaintiff leave to amend. Thereafter, he filed two amendments, one of which alleged that he has owned and used the land through which the unnamed stream flowed in the operation of a dairy since September 1, 1953, in accordance with an agreement between him and his father; and that on June 17, 1957, a deed to the land upon which he operated the dairy was executed, conveying the land to the plaintiff. A copy of said deed, attached to the second amendment to the petition, discloses that the deed referred to was a warranty deed executed by Mrs. Martha Moulton, conveying to the plaintiff certain described land. The petition as finally amended alleged that the plaintiff's riparian rights had been unlawfully interfered with, causing him injury and damages in the operation of his dairy by reason of the defendants cutting off and stopping the natural continual flow of water upon and through his property. To the petition as amended, the defendants filed general and special demurrers, one of the grounds being that the amended petition affirmatively shows that, at the time the alleged acts of trespass were committed by the defendants, the plaintiff had no riparian rights in the stream.

The petition as amended seeks to recover damages for, and restrain the defendants in, the maintenance of a dam across a

non-navigable stream of water that flows from the property of the defendants across the lands on which he operates a milk dairy, on the theory that his riparian rights are being unlawfully interfered with. He asserts that the acts of the defendants constitute a trespass to his property rights. Code § 85-1301 provides that running water while on land belongs to the *owner* of the land, but he has no right to divert it or so use it as to interfere with its enjoyment by the next *owner*. Code § 105-1407 provides that the *owner* of land through which a non-navigable watercourse may flow is entitled to have the water in such stream come to his land in its natural and usual flow, subject only to such detention or diminution as may be caused by the use of it by *other riparian proprietors,* and the diverting of the stream or the obstruction thereof so as to impede its course is a trespass upon the lower *riparian owner's* property. This court, in *Rome Ry. &c.* v. *Loeb,* 141 *Ga.* 202, 207 (80 S. E. 785, Ann. Cas. 1915C 1023), defined a riparian owner as "one having land bounded on a stream of water, as such owner having a qualified property in the soil to the thread of the stream," and defined riparian rights as those that "grow out of the ownership of the banks of streams, and not out of the ownership of the bed of the stream." In *Stoner* v. *Patten,* 132 *Ga.* 178 (63 S. E. 802), it was held that the grant of a license or privilege to one by a riparian proprietor to divert water from a stream did not make the licensee a riparian owner. It affirmatively appears from the petition as amended that the legal and equitable relief which the plaintiff seeks against the defendants is based upon his rights as a riparian owner, and further, that at the time the suit was instituted the plaintiff did not own the property, but rather that the title to the property upon which he operated the dairy was in another; therefore he was not entitled to any of the relief sought. "A plaintiff seeking to recover for injury done his land by the erection of a mill-dam, cannot recover, where paramount title is shown in another, by his own evidence." *Morris* v. *McCamey,* 9 *Ga.* 160(1). Not being a riparian owner at the time the suit was initiated and having no right of action against the defendants at the time, subsequent acquisition of title pending the suit did not cure this deficiency.

It was not error to sustain the general demurrers to the petition as amended and to dismiss the same.

*Judgment affirmed. All the Justices concur, except Duckworth, C.J., who dissents.*

DUCKWORTH, Chief Justice, dissenting. I dissent on the ground that I think the statute (Code § 85-1301) in conferring the right upon the "owner" intends to and does confer the same right upon the lawful lessee of the owner.