In the Matter of Gentle Lawrence
McCOY, Bankrupt-Petitioner,

v.

HOWARD'S FURNITURE COMPANY,
Inc., Respondent.

No. 44076.

United States District Court
N. D. Georgia,
Atlanta Division.

Jan. 29, 1963.

Robert L. Chipley, Jr., Atlanta, Ga.,
for bankrupt.

John B. Cross, Atlanta, Ga., for respondent.

MORGAN, District Judge.

On December 14, 1962, the bankrupt filed a petition for review asking that this Court reverse the Referee's order of December 5, 1962. The matters treated in this order arose on the reclamation petition of Howard's Furniture Company, Inc., to gain possession of certain household furniture. The facts are briefly as follows:

On November 19, 1962, Howard's Furniture Company, Inc., filed its petition for reclamation seeking to repossess certain household furniture then in possession of the bankrupt.

At the hearing held by the Referee the creditor introduced into evidence the conditional sales contracts executed between the bankrupt and itself. These contracts listed certain items of furniture as security for the indebtedness. The combined amount due under these conditional sales contracts is slightly in excess of $500.00.

The bankrupt failed to appear at the hearing; however, he admits by brief filed by his attorney of record that he executed the contracts in question and that the amount as claimed was due, but he contends that he is entitled to have the personal property in question set

aside under the homestead exemption provided by the laws of Georgia irrespective of the creditor's rights under the conditional sales contracts.

Upon this evidence, the Referee ruled that the petition for reclamation be granted, finding specifically that the furniture in question was in the possession and under the control of the bankrupt at the time of the reclamation petition's filing; that the sales contracts of May 26, 1962, and April 10, 1962, contain terms broad enough to convey the household furniture in question to the creditor; that the pleadings of Gentle Lawrence McCoy affirmatively show that he did execute the sales contracts; that the burden was upon Howard's Furniture Company, Inc., to affirmatively show that it should be granted possession of the household furnishings, and that this burden was sustained.

An order was passed at the conclusion of the hearing sustaining the claim and requiring the bankrupt to turn over the property requested. On December 8, 1962, a request was made for the property, and the bankrupt voluntarily turned this property over to the respondent. The respondent, in compliance with a supplemental order, later tendered into court a warehouse receipt from an independent warehouse for said property.

The Bankruptcy Court looks to the State law to determine the extent of the bankrupt's homestead exemption, from what property it is allowable and how it is claimed. Hogan v. Hall, 5 Cir., 118 F.2d 247. It is bound by the State local law as expressed by statute and construed by the Courts of such State. The law of Georgia is that a homestead exemption cannot be taken on personal property to which the person has no legal title. Mozley v. Fontana, 124 Ga. 376, 52 S.E. 443; Wilbanks v. Wardlaw et al., 50 Ga.App. 495, 178 S.E. 466; Garmon v. Davis, 63 Ga.App. 815, 12 S.E.2d 209.

The claimant in this case did not file a proof of claim; therefore, he did not waive his right to be recognized as a secured creditor. A secured creditor has a choice of alternatives in a bankruptcy proceeding and he is not compelled to take one in preference to the other. He may waive his security and file a proof of claim, he may proceed against the security by other means, or he may remain aloof and rely upon the security in his possession. In the case under consideration no trustee was appointed; therefore, it would have been detrimental to the claimant to waive his position as a secured creditor and to have filed a proof of claim when apparently there were no assets to administer.

The findings of the Referee should not be disturbed unless they are clearly erroneous. Therefore, the Court sustains the order of the Referee requiring the bankrupt to turn over the property requested.

It is so ordered.